Passamaneck's Admr. v. The Louisville Railway Company.

CASE 35—PETITION ORDINARY—OCTOBER 23.

# Passamaneck's Admr. v. The Louisville Railway Company.

APPEAL FROM JEFFERSON CIRCUIT COURT, LAW AND EQUITY DIVISION.

| | |
|---|---|
| 98 | 195 |
| d123 | 635 |

| | |
|---|---|
| 98 | 195 |
| 135 | 676 |
| 135 | 745 |

| | |
|---|---|
| 98 | 195 |
| 138 | 199 |

1. THE RIGHT TO PLEAD CONTRIBUTORY NEGLIGENCE as a defense to an action to recover damages for the death of a person by the negligence or unlawful act of the defendant was not taken away by section 241 of the new constitution.

2. CONTRIBUTORY NEGLIGENCE IS A QUESTION OF LAW AND OF FACT, and where there is any doubt as to the facts, or may reasonably be a difference of opinion as to the inferences and conclusions from the facts, it is a question for the jury.

   Where a child sixteen months old, in the custody of an eleven-year-old sister, being temporarily left by the sister upon the front steps of their home near a street railway, strayed upon the track and was killed by a passing car, in an action by the father as administrator against the street railway company to recover for the death, it was error to instruct the jury that the parents were guilty of contributory negligence. The jury should have been permitted to determine the question. The question as to whether if this were an action by the child instead of by the father as administrator, the contributory negligence of the parents would be a defense, is not decided.

3. CONTRIBUTORY NEGLIGENCE OF CHILD.—A child sixteen months old is incapable of exercising any judgment or discretion, and is, therefore, not chargeable with contributory negligence.

4. CONTRIBUTORY NEGLIGENCE OF PARENTS.—If the driver of the car could have discovered the presence of the child on the track by proper care and diligence in time to have avoided the injury it was his duty to do so; and if he failed to do this, then the contributory negligence of the parents, if they were guilty of any, was canceled by the negligence of defendant's servant.

5. CARE REQUIRED TO PREVENT INJURY TO CHILDREN.—A greater degree of care must be observed in controlling the movements of street cars to prevent injuries to children than is required for the safety of adults not laboring under disabilities.

ABBOTT & RUTLEDGE FOR APPELLANT.

1. The question of negligence or contributory negligence is a ques-

tion of fact for the jury to determine. (Buswell on Law of Personal Injuries, sec. 138; Shearman & Redfield on Negligence, sec. 114; Beach on Contributory Negligence, sec. 163.)

2. The fact that the child was on the track unattended was not *per se* negligence on the part of the parents. All that the law requires is that the parent should do that which an ordinarily prudent person in a like situation would do under like circumstances. (Beach on Contributory Negligence, p. 140; Ihl v. Forty-second Street, &c., Ry. Co., 47 N. Y., 322; Frick v. St. Louis, &c., R. Co., 75 Mo., 595; Schmidt v. Milwaukee, &c., Ry. Co. 23 Wis., 186; Smith v. A. T. & S. F. Ry. Co., 25 Kan., 758; Rosencrantz v. Lindell Ry. Co., 108 Mo., 9; Pittsburg R. Co. v. Burnstead, 48 Ill., 221; Reinike v. Philadelphia Traction Co., 2 Pa. Dis. Rep., 319; Walters v. Rock Island R. Co., 41 Iowa, 71.)

3. Section 241 of the constitution eliminates from every case in which death has resulted the defense of contributory negligence.

4. The contributory negligence, if any, was too remote to avail appellee in this case. (Donahue v. West St. L. & St. P. Ry. Co., 88 Mo., 564; Booth on Street Railways, sec. 310; Paducah Street Ry. Co. v. Atkins, 14 Ky: L. R., 429.)

5. The fact that the company manned its car with a driver only should have been submitted to the jury with other facts as a circumstance bearing upon the issue of negligence. (Booth on Street Railways, sec. 308, citing Levy v. Dry Dock, &c., R. Co., 12 N. Y., Supp., 485; Brooklyn Crosstown R. Co. v. Brooklyn, 37 Hun., 413.)


LIEBER & LINCOLN on same side.


1. The doctrine of imputed negligence has been repudiated by many of the States which formerly approved it, and is characterized as harsh and unjust by many of the ablest judges in our land. (2 Cent. L. J., 593 and cases cited in note.)

2. To permit a child *non sui juris* to go out into the street of a city is not negligence *per se*, but is a question of fact to be submitted to the jury, under proper instructions. (McGreary v. Eastern Ry. Co., 135 Mass., 363; O'Connor v. Boston R. Co., 135 Mass., 352; Beach on Contributory Negligence, sec. 41; Patterson's Railway Accident Law, sec. 93; Galveston, &c., v. Moore, 59 Texas, 64; Robinson v. Cone, 22 Vt., 213; Norfolk v. Ormsby, 27 Gratt., 455; 2 Thompson on Trials, 208; Kunz v. Troy, 104 N. Y., 344; Pittsburg v. Brunstead, 48 Ill., 221; Collins v. So. Boston, 142 Mass., 301, 319.)

3. Where the parent has taken reasonable precaution to restrain an

infant and guard it against danger, reference being had to all the surrounding circumstances, including the parent's condition in life, and the child escapes into a dangerous place and is injured by the negligence of another, no negligence can be imputed to the parent, and if the child is incapable of exercising any care or discretion, under such circumstances, none will be required. (Railroad v. Long, 75 Pa. St., 257; Chicago v. Major, 18 Ill., 360; Mangan v. Brooklyn, 38 N. Y., 455; Walters v. Rock Island, 41 Iowa, 71; Lynch v. Smith, 104 Mass., 52.)

4. Whether the facts are disputed or undisputed, if different minds might honestly draw different conclusions from them, the case should properly be left to the jury. (2 Thompson on Trials, 1208; Cahill v. Cincinnati Southern Ry. Co., 92 Ky., 353.)

HUMPHREY & DAVIE FOR APPELLEE.

1. Section 241 of the constitution does not cut off the right to plead contributory negligence, merely because it does not reserve the right to plead contributory negligence. Lord Campbell's act, from which all such statutes are copied, does not reserve the right to plead contributory negligence; and yet it has always been held to allow the plea. The constitution should be similarly construed.

2. The evidence in this case shows, without contradiction, that the nurse in charge of the child was guilty of contributory negligence; and, that being the case, it was proper for the court to tell the jury, as a matter of law, that there was contributory negligence. (Schlenck v. Central Passenger Railroad Company, 15 Ky. Law Reporter, 409; Portland Canal Company v. Murphy, 9 Bush, 531; Gibbons v. Williams, 135 Mass., 333.)

JUDGE PAYNTER DELIVERED THE OPINION OF THE COURT.

On the 6th of August, 1893, at half-past 7 o'clock p. m., Mary Passamaneck, an infant sixteen months old, was run over and killed by a street car, drawn by two mules, on the appellee's street railroad in the city of Louisville. Her father, Moses Passamaneck, qualified as her administrator, and brought this action to recover damages, alleging that the agent and servant of appellee negligently and carelessly drove its mules and ran its car over the child, inflicting in-

juries from which it died within a few minutes thereafter. Appellee denied the injuries were inflicted by the carelessness or negligence of its agent or servant, and pleaded that they resulted from decedent's own want of care and by her negligence, and by the negligence and want of care of the plaintiff. The verdict of the jury was for the appellee.

The occurrence, which resulted in the injury and death of the child, took place in front of the residence of appellant, on Main street, in the City of Louisville, between Floyd and Brook streets. Main street runs east and west, Floyd and Brook north and south. The car line is on Main and the car which inflicted the injury was going west. Moses Passamaneck lived with his family on the north side of Main street, between Brook and Floyd streets. A short time before decedent was injured, at a point between Brook and Floyd on Main street, a man was injured by coming in contact with a large dog. In consequence quite a crowd assembled at the place of the accident. An eleven year old sister joined the crowd, with the decedent in her arms, but the sister carried her back to the step of the father's residence. The sister then walked again towards the crowd. Then the decedent got down and walked out into the street, where she was injured. It does not appear what time elapsed from the time the child was placed on the step until she was injured, but we conclude from the circumstances it must have occurred about as soon as the child could reach the street-car track, a little distance in front of the car which ran over her.

The track was straight and nothing to obstruct it from the view of the driver. It was getting dark, as some witnesses expressed it, and as others said, it was dark. Some of the witnesses testify that they could tell it was a child on the track from the sidewalk, about eighty feet away; and as

many as two witnesses, one called by the appellant and the other by the appellee, could see the child in the street from their windows.   One of them hallooed to the driver to attract his attention and save the child.   The driver testified that he was looking ahead along the tracks when the accident occurred, while several witnesses testified that he had his head turned in the direction of the crowd which had assembled to see the injured man.

The driver testified that he did not see the child until the mules were about on it and shied around it, when he put down his snow plow and put his brakes on and did all he could to prevent running over the object which he could not then distinguish but which proved to be the child.   Others testified that he did not put on brakes until the front wheels had passed over the child.   The appellant was a tailor, and had, about 4 o'clock on that (Sunday) evening, gone to call on a neighbor, where he was when the accident occurred.

Thus the case stood.   Numerous instructions were offered on each side.   The court overruled all that were asked, but prepared and gave instructions to the jury, among others the following:

"The court instructs the jury that, unless they believe from the evidence that the death of the plaintiff's decedent, Mary Passamaneck, was caused by the negligence of the defendant's agent or employe in charge of the street-car on the occasion of the accident, the law is for the defendant, and the jury should so find.   The court instructs the jury, as a matter of law, that it was negligence on the part of the nurse to permit the child to be on the street-car track at the time and place of the accident, and this negligence on the part of the nurse the law imputes to the father, the plaintiff in this case, and bars his action, unless the jury shall believe from

the evidence that the driver of the defendant's car discovered the child upon the track, or, by the exercise of ordinary care, could have so discovered the child upon the track in time to have prevented the injury, in which last event the law would be for the plaintiff, and the jury should so find."

It is insisted the court erred in giving this instruction to the jury, first, because section 241 of the constitution was intended to and does make the plea of contributory negligence no longer available as a defense to an action to recover damages for the death of a person which resulted from an injury inflicted by negligence or wrongful act. If this is not correct, then it was erroneous for the court to tell the jury, as a matter of law, that it was negligence on the part of the nurse to permit the child to be on the street-car track at the time and place of the accident, and that such negligence on the part of the nurse the law imputed to the father, the plaintiff in the case, and barred his action.

If this position of counsel be correct in the first instance, then it was erroneous for the court to instruct on the question of contributory negligence.

At the time of the adoption of the constitution there were two provisions of the statute which related to death by wrongful act. Section 1, chapter 57, General Statutes, gave a cause of action to the personal representative of one, not in the employment of the railroad company, who lost his life in this Commonwealth by reason of the negligence or carelessness of the proprietor or proprietors of any railroad, or by the unfitness, negligence or carelessness of their servants or agents. This right to recover was given the personal representative for the injury resulting in death, when the facts would have entitled the person himself to recover for an injury where death did not ensue.

Section 3, chapter 57, General Statutes, gave a right of action to the widow, heir or personal representative of the deceased in cases where the death resulted from the willful neglect of any person or persons, company or companies, corporation or corporations, their agents or servants, and to recover punitive damages for the loss of the life resulting from willful neglect.

This court had held, in Henderson's adm'r v. Ky. Central R. Co., 86 Ky., 389, and Jordan's adm'r v. Cincinnati, &c., Ry. Co., 89 Ky., 40, that the word "heir," as used in this statute, meant "child." It was also decided by this court that, when the deceased left neither widow nor child, no action could be maintained under section 3.

Just before the adoption of the section in question, it appears from the debates in the constitutional convention, a learned judge in this State had held that section 1 was unconstitutional because it applied alone to corporations. It was given as a reason for adopting section 241 of the constitution, in the discussion which took place concerning it, that this court had decided that, where there was no widow or heir surviving the deceased, who had been killed by willful negligence, his personal representative could not maintain the action. To meet this constitutional objection raised to section 1, and the interpretation which this court had given section 3, were the reasons which influenced the constitutional convention to adopt the section in question.

The question of contributory negligence was not mentioned in the discussion of the section in the convention, much less any suggestion being made that its purpose, in part, was to bar a defendant's right to plead contributory negligence. The whole purpose of the section was to give the right of action to some one where a life was lost by the neg-

ligence or wrongful act of any person or persons, company or companies, corporation or corporations. Until such time as the General Assembly should provide how the recovery should go, the action to recover such damages should be prosecuted by the personal representative of the deceased person.

It left the General Assembly free to provide by law, when death resulted by negligence or wrongful act, the cases where the recovery should be compensatory damages and where punitive damages would be authorized, and to whom the recovery should go.

It was the purpose of the constitutional convention that the General Assembly should never be able to deprive the representatives of a decedent, whose life was lost by negligence or wrongful act, of the right to recover damages against the wrongdoer; hence the right to sue was given the personal representative of decedent until such time as the General Assembly should provide to whom the recovery should go.

It was not the design of the convention to deprive a defendant of the right. as it then existed, to plead and prove contributory negligence. The mere fact that the constitutional provision did not follow the exact language of the statutes in force at the time of its adoption does not indicate that any right of defense was to be cut off, except that which was expressed or implied in the language used. The language used does not, in terms, state, nor can it be implied from it, that it was the purpose of the constitutional convention to destroy the right to rely upon contributory negligence as a defense.

The instruction told the jury, as a matter of law, that it was negligence on the part of the nurse to permit the child to be

on the street-car track at the time and place of the accident, and that such negligence was imputed to the father. Contributory negligence is a matter of law and of fact. A child of sixteen months of age being upon the street-car track might be the result of negligence of its parents or custodian, or it might not be, depending upon the facts and circumstances surrounding its being there.

The child appeared to be in the custody of an eleven year old sister. The house in which plaintiff lived was more than eighty feet to the street-car track. It was in August and, presumably, the weather was warm. It appears that the sister left her on the front steps, and, in the "caprice of childhood," she ran into the street and on the street-car track and received the injury immediately thereafter.

Negligence is a want of that reasonable care which would be exercised by a person of ordinary prudence, under all the circumstances, in view of the probable danger of injury.

"In general it can not be doubted that the question of negligence is a question of fact and not of law. Whenever there is any doubt as to the facts, it is the province of the jury to determine the question; or whenever there may reasonably be a difference of opinion as to the inferences and conclusions from the facts, it is likewise a question for the jury. It belongs to the jury, not only to weigh the evidence and to find upon the questions of fact, but to draw conclusions as well, alike from disputed and undisputed facts." Beach on Contributory Negligence, section 163.

Parents should use ordinary care in guarding their children, but, in determining the question of negligence, the condition of the family, the season of the year, the place of accident and the probability that it would happen, are facts to be considered by the jury; hence a child sixteen months

old might be upon the street-car track and the parents not
be guilty of culpable negligence.

The jury should be permitted to determine the question of
contributory negligence. (Schmidt v. Milwaukee & St. Paul
Ry. Co., 23 Wis., 186; Ihl v. Forty-second St. R. Co., 47 N. Y.,
322; Frick v. St. Louis, Kansas City & Northern Ry. Co., 75
Mo., 595.)

In Smith v. Atchison, &c., Railroad Co., 25 Kansas, 738,
the child, two years old, strayed away from home without
the knowledge or consent of its parents, went on the railroad
track three minutes after leaving home, and was run over,
and the court said it was not, *per se*, culpable negligence, con-
tributing to the injury, and that the question should have
been submitted to the jury.

The cases of Payne v. Humeston & Shenandoah Ry. Co.,
70 Iowa, 584; Birkett v. Knickerbocker Ice Co., 110 N. Y.,
504; Marsland v. Murray, 148 Mass., 91; Bliss' adm'r v. In-
habitants of South Hadley, 145 Mass., 91, are in accord with
the view expressed that the question of contributory negli-
gence should be submitted to the jury.

In Shearman & Redfield on the Law of Negligence, section
114, it is said: "The rule as to what evidence will suffice to go
to the jury on the question of contributory negligence as a
question of fact is substantially the same as that which gov-
erns the submission to the jury of the defendant's negli-
gence. * * * It is a general rule, applicable in all
courts, that the question is to be submitted to the jury not
only where there is sufficient testimony as to the actual facts
to leave a reasonable doubt, but also where the inference
which might be fairly drawn from the facts is not certain
and invariable and might be differently made by different
minds. The court is not at liberty to withhold the question

from the jury simply because it it fully convinced that a certain inference should be drawn so long as persons of fair and sound minds might possibly come to a different conclusion."

It seems not improper to say, in this connection, that a child of such tender years, as was plaintiff's intestate, was incapable of exercising any judgment or discretion, and is not chargeable with contributory negligence. So the inquiry as to contributory negligence must be confined to the acts or omissions, etc., of its parents.

The question is not before the court and not decided whether, in an action by a child, who was not *sui juris*, to recover damages for injuries received by the negligence or wrongful act of another, it would be proper to impute the negligence of the parent to the child.

Persons operating street cars along the public streets of a city must know, and in law are bound to know, that men, women and children have an equal right to the use of the highway and will be upon it.

It was the duty of appellee's servant or agent to be on the lookout and to take all reasonable measures to avoid injuries to persons who might be upon the street. To be on the watch is no more than ordinary care under such circumstances.

If the driver of the car could have discovered the presence of the child on the track, by proper care and diligence, in time to have avoided the injury, it was his duty to do so. If he failed to do this, then the contributory negligence of the parents, if they were guilty of any, was canceled by the negligence of appellee's servant.

A greater degree of vigilance and caution must be observed in controlling the movements of street cars, to prevent injuries to children, than is required for the safety of adults

not laboring under disabilities. (Booth on Street Railways, section 310.) Other authorities could be cited upon this question.

Wherefore, the judgment is reversed, with directions that further proceedings be had consistent with this opinion.