CASE 9—ACTION TO RECOVER DAMAGES FOR DEATH OF PLAINTIFFS INTESTATE—SEPT. 27.

## Toner's Admr. v. South Covington & C. Street Railway Co.

APPEAL FROM KENTON CIRCUIT COURT.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS. AFFIRMED.

BILLS OF EXCEPTIONS—ACTION FOR DEATH OF CHILD—CONTRIBUTORY NEGLIGENCE OF PARENTS.

Held: 1. The plaintiff, having tendered his bill of exceptions in time, should not be affected by the delay of the court in signing

it, or by the fact that corrections were made in the bill as offered before it was signed.

2. Appellant can not ordinarily complain of an instruction given on the trial if it is substantially the same as one asked by himself.

3. In an action by a father as administrator to recover damages for the death of his infant son, about four years old, the contributory negligence of the mother will be imputed to plaintiff, it not being necessary that the father should also have been negligent to bar a recovery.

4. Even if it was error to tell the jury, in effect, that the mother's contributory negligence was to be imputed to the plaintiff, yet the instruction was not prejudicial, as the court further told the jury that, notwithstanding the negligence of the mother, yet if the injury of the child could have been avoided by the motorman in charge of the street car which struck the child, "after he knew, or could, by the exercise of ordinary care, have known, that there was reasonable ground to believe that the child would go upon the track, they must find for plaintiff;" the issue thus submitted being the real issue in the case.

WILLIAM GOEBEL, ATTORNEY FOR APPELLANT.

1. Only in an action by the parent, at common law for loss of service, can the negligence of the parent be used as a defense and this rule does not apply to a statutory action by the personal representative of an infant.

2. But, even if the alleged negligence of the parent applies in this case, the instruction is erroneous, because both parents are beneficiaries and only one of them is shown to have been guilty of contributory neglect.

C. B. SIMRALL, FOR APPELLEE.   JOHN CALVIN, OF COUNSEL.

1. The instructions as to imputed negligence in this case, not error. Murphy's Adm'r vs. L. & P. Canal Co., 9 Bush, 522.

2. The Bill of Exceptions in this case was not tendered or allowed within time, and the same was not properly tendered or allowed. Schneider v. Hessee, 11 Ky. Law Rep., 433; Arnold v. Hicks, 5 Ky. Law Rep., 128; Johnson v. Stivers, 95 Ky., 128; Combs v. Combs, 18 Ky. Law Rep., 439.

3. A party to a suit can not ask an instruction and rely upon the giving of the instruction as error.

OPINION OF THE COURT BY JUDGE HOBSON—AFFIRMING.

Appellant filed this suit to recover of appellee damages for the loss of the life of his intestate, who was his son,

and about 4 years old.  The proof shows that the child was taken by his mother on the 14th of December to look at a Christmas tree on Tenth street, in Covington.  The proof for appellant showed that the mother left the child to look for another, and when she returned he had gone from the place where she had put him, and returned to look at the Christmas tree.  As she approached, he started across the street to her, and, the car approaching, ran down the track until he was caught and killed.  The proof for appellee showed that the child came out from the sidewalk just in front of the car, and too close to it to be saved. The jury to whom the case was submitted, after one jury had failed to agree, found a verdict for the defendant.

It is insisted for the appellee that the bill of exceptions was not filed in time, and can not be considered.  The motion for a new trial was overruled on February 15, 1897, and an appeal was then granted.  On April 12th the plaintiff tendered his bill of exceptions.  This was in time, as the court was one of continuous session, and 60 days had not elapsed.  The bill of exceptions was not signed and filed until December 31st.  It is insisted that the bill of exceptions, though tendered in time, was not then complete, and that it was afterwards perfected or substantially a new bill made.  There is nothing in the record to overcome the presumption of regularity in the proceeding of the court below.  The plaintiff, having tendered his bill of exceptions in time, should not be affected by the delay of the court in signing it, nor by the fact, if true, that corrections were made in the bill as offered before it was signed.  The question suggested could only be raised in this court by having the record show the facts.  This the record before us does not do so.

The principal ground of objection by appellant to the

verdict is that the court improperly instructed the jury. The instruction complained of is as follows: "If the jury shall believe from the evidence that the mother accompanied and was in charge of the child, and negligently permitted it to go upon the track when the car was approaching, or when, by the exercise of ordinary care and watchfulness, she could have known that the car was approaching, and but for the negligence of the mother in permitting the child to go upon the track the injury of it could not have happened, the jury should find for the defendant." "Although the jury may find from the evidence that the mother of the child was guilty of negligence in permitting the child to go upon the track, yet if the injury of the child could have been avoided by the motorman after he knew, or could, by the exercise of ordinary care, have known, that there was reasonable ground to believe that the child would go upon the track, then the jury must find for the plaintiff." It has often been held by this court that an appellant can not ordinarily complain of an instruction given on the trial if it is substantially the same as one asked by himself. Appellee insists that appellant is for this reason precluded from complaining of the instruction quoted. Appellant asked on the trial the following instruction, which was refused by the court: "If the jury find from all the testimony that the parents of the decedent, George Toner, negligently permitted him to go upon the street, and to place himself in a position of danger upon or near the track upon which the defendant's car was running, and that but for such negligence of said parents, if such negligence there was, the decedent would not have been injured, then the jury must find for the defendant, unless the jury further find from the testimony that the motorman in charge of the car by which the said decedent was struck either saw said

decedent, or by the use of ordinary care could have seen him, before he was struck, in time to have, by the use of ordinary care, avoided striking and injuring him with said car." The two instructions are not identical. That given by the court charges appellant with the negligence of the mother; that asked by the appellant charges him with the negligence of the parents of the deceased. In other words, appellant's instruction seems predicated upon the idea that there must be concurring negligence on the part of both parents to bar a recovery, while the instruction given by the court made the negligence of the mother alone sufficient. In Canal Co. v. Murphy, 9 Bush, 522, where the death of a little girl 5 years old was sued for, this court said: "The child, by reason of its tender years, can not be said to have been guilty of any negligence. She was *non sui juris*, and her conduct, if negligent, must be regarded as the negligence of the parents, and not that of the infant. Parents are the legal and natural custodians of their children, and, when the children are so young as not to be capable of exercising any discretion, their parents must exercise it for them. This control and care over children must be such as parents of ordinary prudence exercise." In the subsequent case of Schlenks v. Railway Co. (Ky.) 23 S. W., 589, where a child 3½ years old was killed by a street car, by reason of the negligence of his nurse having him in charge, this court, affirming the judgment in favor of the defendant, said: "If there was any negligence, it was on the part of the inexperienced nurse, by reason of nonage, having the boy in charge, and she was the agent of the plaintiff, in the temporary control and custody of the boy, her negligence must be imputed to the father." Under the statute, a recovery in this case, if had, would go to the father

and mother, one moiety to each. Every reason that would charge the father with the negligence of the nurse would apply with equal force in a suit of this character, where the wife has the custody of the child at the time of the injury, and the court did not err in so instructing the jury. Besides, the pivotal question in the case was whether the child ran suddenly out on the track, and was struck before he could be saved by ordinary care on the part of the motorman, or whether he was loitering near the track as the car approached slowly, and ran in front of the car some twenty-five or thirty feet, while the mother was calling on the motorman not to run over her child, and he might by ordinary care have avoided doing so, as the evidence for appellant tended to show. This issue was fairly submitted to the jury by the instructions given by the court; for the jury was expressly told that, notwithstanding the negligence of the mother, and without regard to it, "yet if the injury of the child could have been avoided by the motorman after he knew, or could, by the exercise of ordinary care, have known, that there was reasonable ground to believe that the child would go upon the track, then they must find for the plaintiff." The real issue in the case having been clearly submitted to the jury, and fairly tried by them, their verdict should not be disturbed. Judgment affirmed.