## Lehr v. Fenton Dry Cleaning & Dyeing Co.

(Decided Feb. 19, 1935.)

HANLON & KENKEL for appellant.

ROBERT C. SIMMONS and AUGUST A. RENDIGS, Jr., for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER— Affirming.

The verdict was for the defendant in appellant's suit for damages against the appellee.

Charles Lehr, who was eighteen years old, was on a motorcycle traveling north on DeCoursey street in Covington. As he approached 40th street, a small delivery truck, belonging to the appellee, was traveling south and made a left-hand turn to go east on 40th street. Thus the truck came in front of the motorcycle and cut it off, according to Lehr, when he was fifteen or twenty feet away, and, as he saw that he could not pass in front of it, in order to avoid collision, he swerved to his left and went behind it. As he swung around to his right to get back upon his side of the street, he collided with the front of the automobile of Klosterman. According to the plaintiff, the driver of the truck gave no signal of his intention to turn the corner and went around to the right of the center of the intersection instead of to its left, but as close thereto as possible, which is the manner prescribed by section 2739g-42 of the Statutes. Lehr applied his brakes and was moving eight or ten miles an hour until he saw that he could clear the truck and then he released the brakes and speeded up to get over to his side of the street. He makes no reference to having seen the Klosterman car, but states that it was at a point close to the north edge of 40th street when they collided. The strongest evidence in the boy's behalf is his own as thus related.

The driver of the truck testifies that he gave all proper signals and turned to the left of the center at an opportune time. Klosterman testifies that he saw the motorcycle when it was about the center of the intersection as it came around the truck and it was then seventy or seventy-five feet away from him. He stopped his car about forty-five feet north of 40th street and so far over to his right as to hook his bumper to the rear bumper of another automobile. The effect on the machines and other circumstances all but demonstrate that the unfortunate young man brought about his own injuries. These were such as to require the amputation of a leg below the knee.

A witness testified that the motorcycle passed his home, which was a little over a square from the collision, going about forty miles an hour and in a moment after it passed he heard the crash. Another witness

was at the same place and he gave similar testimony, with the additional statement that he watched the motorcycle a part of the way as it went toward the point of collision and it kept up the same speed. A witness at 41st and DeCoursey streets testified it passed him going at "a pretty good rate of speed," and he could see all the way to the place of the accident. The admission of this evidence as incompetent is submitted as a ground for reversal. We have held that evidence of the speed of an automobile a quarter of a mile away is inadmissible. Stevens v. Potter, 209 Ky. 705, 273 S. W. 470. But inasmuch as some of this and other evidence showed that the motorcycle remained in view from the point at which seen, and only a moment elapsed before the accident, the evidence appears to have been properly admitted for what it was worth. Wigginton's Adm'r v. Rickert, 186 Ky. 650, 217 S. W. 933. At any rate, under the circumstances of the case, it cannot be regarded as prejudicial.

The appellant was employed as a messenger for the Flash Delivery Service. The court rejected the testimony that he was preparing himself to become a professional roller skater for the stage, in which occupation he would earn from $25 to $40 a week. He also offered in evidence the mortality tables to show his expectancy of life. The question of the competency of this evidence need not be considered for it related to the measure of damages and the jury found that the plaintiff was not entitled to recover anything.

It is also argued that the court erred in refusing testimony of the plaintiff's employer as to instructions given him and other employees as to the speed of motorcycle travel by them. This evidence was clearly incompetent. Nevertheless the court permitted the plaintiff to tell about it. The extract from the opinion in Model Laundry Company v. Collins, 241 Ky. 191, 43 S. W. (2d) 693, upon which the appellant relies, related to instructions concerning an employee's scope of duty. That rule has no application to testimony of the kind offered here.

It is further contended that the instructions are erroneous. The instruction stating the duties of the defendant's driver did not follow the language of the statute providing that one intending to change the

course of his automobile must give certain signals of his intention if it appears that the movement or operation of another vehicle or other cars may reasonably be affected by such change. Section 2739g-50, Statutes. The instruction was in part as follows:

> "And before making a left turn to see that there is sufficient space for such turn to be made in safety; and shall give plainly visible signs to other drivers of motor vehicles of their intention to change their course by extending the left hand and arm horizontally from and beyond the side of the vehicle towards which the turn is to be made."

It will be seen that the instruction as given imposed a greater duty upon the driver of the truck than is required by the statute, for it placed upon him the duty of giving the signals in any and all events regardless of whether the movement of the car might reasonably affect the movement or operation of another. In respect of the claim that the court should have given an instruction upon sudden appearance and apparent danger, we construe the instruction as given as embracing that right of the plaintiff to act in the emergency.

We perceive no error prejudicial in the substantial rights of the appellant.

The judgment is affirmed.