# Ewing-Von Allmen Dairy Co. et al. v. Fowler's Ex'r
# Ewing-Von Allmen Dairy Co. et al. v. Holzknecht's Adm'r

March 24, 1950.

George K. Holbert, Judge.

548

Lawrence S. Grauman, and J. W. Hodges for appellant.

L. A. Faurest, Jr., Judge J. R. Layman, Doolan, Helm, Stites & Wood, and J. E. Wise, for appellees.

STANLEY, COMMISSIONER—Reversing.

The united appeals are from judgments in favor of the administrators of Mrs. Elizabeth Fowler and Herman Holzknecht for $7,870 and $11,768.48, respectively, for their death and damages to Holzknecht's automobile against the appellant Ewing-Von Allmen Dairy Company and its driver, the appellant Elmo Shake. The loss of life and damage to the car resulted from a head-on collision between Holzknecht's automobile, in which Mrs. Fowler was a guest passenger, and a truck belonging to the dairy company on highway No. 62 about six miles northeast of Elizabethtown on June 28, 1948. The passenger car was entering the inside of a curve and the truck coming out of it.

As to which car was a few inches on its wrong side of the road was and is a very close question. The evidence tending to show that the truck was a few inches

beyond the center. of the road at the time of the collision consists of the fact that there was a gouged out mark on the road six or eight inches to the right of the center (from the direction the truck was going) made by the dropping of a broken steering arm underneath the truck, wh'ch was stated by the defendant Shake to have been at least 13½ inches inside the front left corner of the truck or the outer edge of the wheel. This indicates that those portions of the truck were six or seven inches beyond or to the left of the center at the instant of the collision. The character and place of the damage to the two machines adds some weight to this conclusion. Supplementing these physical facts is the testimony of Mike Fowler, the e'ght year old grandson of Mrs. Elizabeth Fowler. He was playing on the floor in the back of the car and did not see the approach of the two machines, one to the other. He testified that immediately before the collision, "I heard Herman say, 'He is on the wrong * * *' and then they hit and my grandmother said, 'Oh.' " It must be conceded that there was very persuasive evidence, both direct and circumstantial, that the passenger car was over on its wrong side a few inches, but we think there was sufficient evidence to take the case to the jury on the issue of neligence in driving the truck beyond the center of the road.

The appellants insist that it was prejudicial error to adm't the testimony of the little boy, Mike Fowler. Though the "he" referred to was not identified, and several suppositions are indulged in by the appellants, the circumstances leave no doubt in our mind, and probably did not in the m'nd of the jury, that the reference was to the driver of the oncoming truck. The spontaneous exclamation of a participant, made under the stress of the moment of frightening danger, must be regarded as part of the res gestae. The res gestae rule is not limited to an explanation immediately after an event, as the appellants argue, for an utterance may be more truly a part of the res gestae when made concurrently with some condition entering immediately into the circumstances of the accident. Ballard & Ballard Co. v. Durr, 165 Ky. 632, 177 S. W. 445; Kentucky & West Virgin'a Power Co. v. Brown's Adm'x, 281 Ky. 133, 135 S. W. 2d 70; Coleman v. Daniel, 292 Ky. 553, 166 S. W. 2d 978; 20 Am. Jur., Evidence, Sec. 671; Notes, 163 A. L. R. 38, 42.

William Strange, introduced by the defendants, was

standing on the road in front of his house, which is about 500 yards from the place where the accident happened. He qualified as competent to express a view or opinion as to the speed of an automobile. Plaintiffs' objection was sustained to a question as to what speed the passenger car was running when it passed him, and it was avowed that he would have answered at the rate of fifty miles an hour. The witness had continued to look at the car from the time it passed him until the collision occurred. The court sustained plaintiff's objections to certain answers and to certain questions as to whether there had been any slackening or change in the speed of the car. The answers, where not made, were put in the record as avowals that there had not been. The interrogation of the witness and some of his answers in relation to these matters were somewhat qualified. The absence of a clear-cut presentation of the testimony may have misled the trial court. But our statement is a brief summary of the substance of the questions and avowals.

Of course, we are mindful that the speed and place of an automobile on the road are extremely variable, and that at the end of five hundred yards both factors may be entirely different from what they were at the beginning. Ordinarily such testimony is inadmissible. Here, however, the witness was watching the car throughout the distance, and we think his testimony in relation to its speed and location in the road was competent. Wigginton's Adm'r v. Rickert, 186 Ky. 650, 217 S. W. 933; Consolidated Coach Corp. v. Wright, 231 Ky. 713, 22 S. W. 2d 108; Lehr v. Fenton Dry Cleaning & Dyeing Co., 258 Ky. 663, 80 S. W. 2d 831; Home Laundry Co. v. Cook, 277 Ky. 8, 125 S. W. 2d 763.

Argument is presented concerning the rulings of the court upon several other isolated questions and answers, but as they may be presented in a different form upon another trial, we refrain from passing upon them. Other points made by the appellants are found not to be sustainable.

For the error relating to the evidence of the witness Strange, the judgment is reversed.