Leon WOOD, Appellant,

v.

Betty Rae DENNISON'S ADMINISTRATOR
(J. E. Taylor), Appellee.

Court of Appeals of Kentucky.

Dec. 3, 1954.

Wm. A. Miller, Peyton, Miller & Hume, Louisville, Chester O. Carrier, Leitchfield, for appellant.

Ernest Woodward, Woodward, Hobson & Fulton, Louisville, J. W. Hodges, Elizabethtown, for appellee.

MILLIKEN, Judge.

This is an appeal from a judgment for J. E. Taylor, administrator of the estate of Betty Rae Dennison, an infant five and

one-half years of age, in an action brought by him to recover for her death, allegedly caused by the negligent operation of an automobile, driven by Leon Wood and owned by M. K. Willis and L. C. Willis, doing business as Willis Bros. Company. The complaint was grounded upon a belief that the accident was caused by defective brakes of the automobile, but at the trial it was discovered that there was no evidence of this and the complaint was dismissed without prejudice as against the Willis brothers who owned the car. The accident occurred about 2 p. m., Saturday, August 16, 1952, on Highway No. 62 between Leitchfield and Elizabethtown. The exact point of impact may have been within the corporate limits of the City of Leitchfield, but this factor is not of major importance.

Melvin Dennison and his five and a half year old daughter, Betty Rae, were proceeding eastwardly from Leitchfield in a 1947 Ford panel truck for the purpose of delivering newspapers. Mr. Dennison pulled his truck over to his right side of the road and stopped, from one-half to two-thirds of it remaining on the paved portion of the highway. Betty Rae was to take two newspapers across the road to the homes of two subscribers, located on the north side of the highway, and to wait there until her father made deliveries further up the road and returned for her. Mr. Dennison testified that he told Betty Rae to get out of the truck and stand behind it until he told her that it would be safe to cross the road. He further testified that he was watching Betty Rae, who was about fifteen feet behind the truck, in his rear view mirror at the time the automobile, operated by defendant struck and killed her.

The defendant, Wood, at the time of the accident was operating a 1950 Ford automobile owned by the Willis Bros. Company. He was "trying out" this automobile for the purpose of determining whether he wished to trade his 1948 Ford for it. Wood, at the time of the accident, was driving westwardly toward Leitchfield. He testified that previous to the accident

he was driving the car about sixty miles per hour on a "straight stretch", but that at the time of the accident the car was going only forty-five to fifty miles per hour. He said when he was about fifteen feet from the deceased she ran out into the road, that he applied his brakes instantly reducing his speed to approximately thirty-five miles per hour, and that the child was struck by the bumper on the right side of the automobile while she was in his lane of traffic. Eldon Huffman, who was riding with Wood, corroborated his version of the accident except Huffman stated that he did not see the child run into the road, but that the last time he saw her she was standing behind her father's truck.

Plaintiff's theory of the case is that the defendant was operating his automobile at such a high rate of speed that he lost control, came over on the wrong side of the road, struck the deceased as she was standing behind the truck and then crossed back over to the right side of the highway. The testimony of various witnesses introduced on his behalf somewhat supports this theory.

We are urged to reverse the judgment on the following grounds: (1) That the skid marks on the highway prove conclusively that the accident could not have occurred as the appellee contended; (2) that certain evidence as to the speed of the Wood car was inadmissible and prejudicial; and (3) that the trial court erred in failing to give a peremptory instruction for the appellant on the ground that the father of the child was guilty of contributory negligence as a matter of law or in failing to submit the issue of the contributory negligence of the father to the jury.

Without detailing the testimony, suffice it to say that we do not find the evidence of the skid marks conclusive, but we do conclude that the issue of contributory negligence should have been submitted to the jury.

It is appellant's contention that the act of the father in placing his five and

one-half year old daughter on the side of a heavily traveled highway for the purpose of crossing it to deliver newspapers amounted to contributory negligence as a matter of law, or at least was a question for the jury's determination. The general principles governing the laws of negligence apply in determining whether a particular act of a parent constitutes contributory negligence. This court has held that the test of a parent's negligence is whether, under the circumstances of the instant case, he or she exercised that degree of care which an ordinarily prudent person would have exercised under like circumstances. Brown McClain Transfer Co. v. Major's Adm'r, 251 Ky. 741, 65 S.W.2d 992. In an action by an administrator for the death of an infant child, the contributory negligence of the parents in failing to exercise in the care of it such ordinary diligence, as persons of ordinary prudence usually exercise in the care of children of the child's age, precludes recovery where the amount sought to be recovered would go to the parents. See collection of authority in Emerine v. Ford, Ky., 254 S.W. 2d 938, at page 941. Numerous cases where the child was allowed to go near or upon a street or highway unattended have been in this court, and also cases where a young child was left in the care of another infant child. Whether the parent was guilty of contributory negligence depended in each case upon such circumstances as the age of the child, the distance it was allowed to go, the amount of traffic on the highway or street, the intelligence of the child, the age of the child in whose custody it was placed and other such circumstances. Toner's Adm'r v. South Covington & Cincinnati St. Ry. Co., 109 Ky. 41, 58 S.W. 439; Passamaneck's Adm'r v. Louisville Ry. Co., 98 Ky. 195, 32 S.W. 620; Schlenks v. Central Passenger Ry. Co., 23 S.W. 589, 15 Ky.Law Rep. 409; Wheat's Adm'r v. Gray, 309 Ky. 593, 218 S.W.2d 400, 7 A.L.R.2d 1336.

In Acres v. Hall's Adm'r, Ky., 253 S.W. 2d 373, we found that the parents were guilty of contributory negligence as a matter of law. In that case, the father parked his car on the wrong side of the road on the Clay's Ferry Bridge, and he, his wife and four year old daughter got out to watch a boat on the river below. When the boat passed under the bridge, the father went to the other side to watch it. While he was on one side of the bridge and the mother on the opposite side, the child ran from in front of the parked car into the path of defendant's automobile Both the mother and father stated that they thought the child was being cared for by the other. This court held that the parents were contributorily negligent as a matter of law, and that a verdict should have been directed for the defendant, even though the defendant was operating his car negligently.

On the other hand, in Brown McClain Transfer Co. v. Major's Adm'r, above, we found that the parent was not contributorily negligent. In that case, the mother was busy in the house and told her three year old child to go dry its feet. The child disobeyed and went through the house, out the front door and onto the highway where she was struck by defendant's truck. Because of the disobedience of the child and the fact that it was in the street without the mother's knowledge, this court held that the defendant was not entitled to an instruction on the contributory negligence of the parent.

Most of the other cases dealing with the subject are those where the child was sent or allowed to go unattended upon the street or highway or where it was left in the care and custody of another infant child. For example, in Burch v. Byrd, Ky., 246 S.W.2d 595, the mother permitted her four year old son to go unattended across a heavily traveled highway to a grocery, and the child was struck by the defendant's truck as he darted from between two parked cars. This court held that it was proper to submit the question of contributory negligence of the mother to the jury.

Suffice it to say that no hard and fast rule can be laid down as to the matter before us. Each case is entirely dependent upon the circumstances of the unfortunate

accident. In the case at bar, the circumstances are as follows:

1. The child was only five and one-half years of age.

2. She was placed upon a heavily traveled highway for the purpose of crossing said highway.

3. Her father instructed her to wait until she was told to cross the highway.

4. The child was nearly completely hidden from the view of approaching traffic.

5. The father was not in a position where he could exercise immediate control over her movements.

6. The child would have entered school within six months, and there is evidence that she had been trained as to the proper manner of crossing the streets.

7. There is evidence that the child may have run into defendant's lane of traffic.

■ Under these circumstances, we have determined that the defendant was entitled to have the question of the father's contributory negligence submitted to the jury.

Appellant's last contention that the trial court admitted irrelevant and incompetent evidence is directed at the testimony of Hubert Logsdon, who testified that defendant's car passed him at a speed of about seventy miles per hour 300 to 400 yards up the highway from the accident, that he observed the car until it was within 150 yards from the scene of the collision, and that it did not slacken its speed during the time that he observed it. In Stevens v. Potter, 209 Ky. 705, 273 S.W. 470, we held that testimony that the plaintiff was seen traveling at an excessive speed one-fourth of a mile from the scene of the accident was properly excluded on the question of his speed at the time of the accident. In Cornett v. Com., 282 Ky. 322,

138 S.W.2d 492, we held in a prosecution for manslaughter that the admission of testimony as to the manner in which the defendant was driving two and one-half miles before he reached the place of the accident was improper. See, also, Elkins v. Com., 244 Ky. 583, 51 S.W.2d 916.

■ In certain circumstances, testimony as to the rate of speed of an automobile prior to a collision may be competent. For example, in Ewing Von-Allmen Dairy Co. v. Fowler's Ex'r, 312 Ky. 547, 228 S.W.2d 449, we held that the testimony of a witness who observed the speed of an automobile 500 yards from the point of collision was competent, when he continued to observe the car from the time it passed him until the collision occurred. See, also, Wigginton's Adm'r v. Rickert, 186 Ky. 650, 217 S.W. 933; Consolidated Coach Corp. v. Wright, 231 Ky. 713, 22 S.W.2d 108; Lehr v. Fenton Dry Cleaning & Dyeing Co., 258 Ky. 663, 80 S.W.2d 831; Home Laundry Co. v. Cook, 277 Ky. 8, 125 S.W.2d 763. In Clay v. Sammons, Ky., 239 S.W.2d 927, the testimony of three witnesses as to the speed of a vehicle, two and one-half miles from the scene of the collision, was held to be competent where it was used to contradict appellant's testimony that he had driven all the way from his home to the accident at a reasonable rate of speed.

■ In the case at bar, the witness observed the defendant's car until it was within 150 yards of the point of collision, so there is reasonable assurance that approximately the same rate of speed was maintained. In such circumstances, we think such evidence was competent. Furthermore, this evidence was cumulative, because the fact of excessive speed was testified to by three other competent witnesses.

Judgment reversed for proceedings consistent herewith.