**Edward L. ZETTLER, Appellant,**

v.

**Harry H. HUGHES, Jr., Appellee.**

Court of Appeals of Kentucky.

Nov. 4, 1955.

Hargadon, Bennett & Lemaire, Louisville, for appellant.

Woodward, Hobson & Fulton, Robert P. Hobson, Louisville, for appellee.

CAMMACK, Judge.

Edward L. Zettler is appealing from a judgment which denied him damages for injuries sustained in an automobile collision between his car and that of Harry H. Hughes, Jr. Hughes had a cross-claim against Zettler for damages for personal injuries and property damage to his car. The jury returned a verdict which found for Hughes, wherein the jury specifically said, " * * * without awarding damages."

Zettler said Hughes was traveling 80 to 90 miles an hour, in violation of the state speed laws, and that his excessive speed was the sole cause of the accident. On the other hand, Hughes testified that Zettler had stopped his car, preparatory to turning into the K. M. I. gateway across the road, and that as he approached the scene of the collision at a speed of about 50 miles per hour, Zettler suddenly moved his car across the center line of the highway and into the path of the Hughes car. Both parties were severely injured.

On this appeal, Zettler contends that the physical facts shown at the trial refute Hughes' theory that Zettler moved his car after first coming to a stop, and also show that Hughes' speed was the proximate cause of the accident. The record discloses sufficient evidence to support the position of either party and these questions were properly submitted to the jury.

Zettler next contends that the court's instruction on speed was erroneous. The court instructed the jury that it was Hughes' duty " * * * to operate said automobile at a rate of speed not exceeding 60 miles per hour, unless you believe from the evidence that a speed greater than 60 miles per hour was not unreasonable and improper driving, considering the traffic and use of the highway at that time and place, in which event this duty was not incumbent upon him." Zettler objected to this instruction on the grounds that a speed in excess of 60 miles an hour is in violation of the speed statute, and is "prima facie evidence of improper operation."

KRS 189.390(2) (a) establishes a daytime maximum speed of 60 miles per hour for automobiles and subsection (2) of the statute expressly provides that " * * * any speed in excess of the limits specified in this section * * * shall be unlawful." In view of the language of the statute just quoted, we think the court's instruction was erroneous insofar as it approved any speed exceeding the statutory maximum. However, the verdict returned by the jury rendered the error harmless for reasons discussed below.

The jury's refusal to award damages to Hughes necessarily was based upon a find-

ing that he was negligent in a manner which at least contributed to the accident. The only other explanation of the refusal to award him damages is a finding that Zettler was not negligent or that his negligence was not the primary cause of the accident. However, if such a conclusion had been reached, the jury could not have found for Hughes. Therefore, it is clear that the jury found both parties negligent and concluded that their negligence concurred to cause the mishap. Since Hughes was found negligent in some degree, there was no prejudicial error in failing to instruct that his alleged excessive speed was unlawful, or in giving the instruction that excessive speed could be justified under certain stated circumstances.

Judgment affirmed.