Una Mae BOHANNON et al., Appellants,

v.

Joseph L. BUSCHMEYER, Appellee
(three cases).

Court of Appeals of Kentucky.

June 1, 1956.

Ephraim K. Lawrence, Jr., Lawrence & Duvall, Louisville, for appellants.

Robert C. Hobson, Woodward, Hobson & Fulton, John P. Sandidge, Louisville, for appellee.

MONTGOMERY, Judge.

Una Mae Bohannon, Joseph Harold Bohannon, and Rose Catherine Meyer, appellants, filed separate actions against Joseph L. Buschmeyer, appellee, seeking damages for injuries sustained in an auto collision. Appellee answered and filed a third-party complaint against Quentin Cunningham, Jr., alleging that the negligence of Cunningham was the sole cause of all the injuries sustained.

On the trial, the actions were heard together, and the jury returned a verdict for

the appellee. He also received a directed verdict against Cunningham for damages to his car. Appellants have assigned as errors: (1) the verdict is not sustained by sufficient evidence and is contrary to law; and (2) incompetent testimony was permitted to be introduced by appellee.

The accident occurred September 25, 1953, about 9:15 p. m. The collision took place in the south half of an S curve on Bardstown Road at Fern Creek Hill in Jefferson County. The highway consisted of two lanes of hard surface road at that point.

Appellee was driving his car south toward Bardstown at the rate of approximately 30 to 40 miles per hour. He came upon two southbound cars stopped in the southbound traffic lane. The front car, operated by one Miller, was without lights. About 11 to 15 feet behind the Miller car, the vehicle in which appellant Meyer was riding had stopped. It was operated by her husband. The Bohannon car, occupied by appellants Bohannon and their small daughter, was traveling north on the highway in its proper traffic lane at about 30 to 35 miles per hour.

The evidence is conflicting on several material points as to how the collision occurred. The testimony of appellee shows that he had stopped his car about 20 or 30 feet behind the Meyer car before he heard the squeal of brakes in the rear. The proof shows that a pickup truck driven by Cunningham hit the Buschmeyer car in the right rear section, causing it to collide with the Meyer vehicle and to cross the road into the northbound traffic lane directly in the path of the oncoming Bohannon car, with which it collided. Cunningham admitted to an investigating officer at the scene of the accident that the brakes failed to hold which caused the truck to run into the rear of the Buschmeyer car. This car was shown to have been damaged by two impacts, one in the rear and one in the front. Green paint, similar to the paint on appellee's car, was on the left front fender and side of the truck.

Bohannon's proof shows that appellee's car did not stop but appeared to be traveling partly over the highway center line in its wrong lane as it neared the Bohannon car. It then cut farther into the northbound traffic lane, striking the Bohannon car. Bohannon saw only one of the stopped vehicles.

The evidence is further conflicting as to skid marks made by the truck and its final stopping place with reference to the other cars. The truck went off the west side of the highway and was stopped by an embankment. Appellee's car left the road on the east, or opposite, side as it proceeded southward. The Bohannon car remained in the road, headed toward Louisville. The Miller and Meyer cars remained in the southbound traffic lane, not far from the place where they had stopped originally.

At the close of all the testimony, the case was submitted to the jury with instructions, to which no objection is now made. No motion for a directed verdict in favor of appellants was made at the close of the testimony. The verdict in favor of appellee is amply supported by the evidence and is not contrary to law. Zettler v. Hughes, Ky., 283 S.W.2d 849. It is urged that appellee made contradictory statements. The determination of questions of fact and the credibility to be given the witnesses' testimony are properly within the province of the jury to decide. Baker's Adm'r v. Frederick, Ky., 243 S.W.2d 921.

Appellants objected to the introduction of testimony by Alice Smith concerning the speed of the Cunningham truck. Her statement was that the truck passed her, traveling south, at a speed of 65 miles per hour. She was traveling in the same direction at an estimated speed of 45 miles per hour. The truck cut in front of her car and disappeared around the curve. Immediately afterward, she heard the sound of the impact. After arriving at the scene of the accident, she recognized the truck. The place where the truck passed her was less than 1,000 feet from the place of collision. Her testimony was properly admitted. Wood v. Dennison's Adm'r, Ky., 273 S.W.2d 374.

Judgment is affirmed.