Henrietta **FLOWERS**, Administratrix of the Estate of Robert Owen Flowers, Deceased, Appellant,

v.

William I. **EDELEN**, Appellee.

Court of Appeals of Kentucky.

March 8, 1968.

Rehearing Denied May 24, 1968.

Martin Glazer, Louisville, for appellant.

Charles W. Porter, Louisville, for appellee.

DAVIS, Commissioner.

On May 28, 1965, at about 2:40 p. m., an automobile driven by appellee Edelen struck and killed Robert Flowers on Trillium Drive, Pleasure Ridge Park, in Jefferson County. In this wrongful death action, a jury returned a verdict in favor of the personal representative of Robert in the sum of $6,192.50. The trial court set aside that verdict and entered a judgment n. o. v. in

favor of the appellee. The present appeal challenges the propriety of that action.

Robert was seven years and eight months old at the time of his death. In company with some other children, he had come from the Greenwood Elementary School in an automobile operated by Mrs. Harvey, a neighbor. Trillium Drive is twenty-four feet wide and runs generally north and south with no sidewalk along it. Robert lived at 7905 Trillium Drive, located on the east side of the street. Mrs. Harvey had stopped her automobile in the southbound traffic lane of Trillium Drive approximately opposite the driveway leading to Robert's home. Just in front of Mrs. Harvey's car was another automobile which was parked so that about half of it was on the roadway and the other half in the grass alongside the street. There was some question in the evidence as to whether this other car was two or three feet ahead of Mrs. Harvey's car or whether there was enough room for another automobile between the two cars. It is undisputed that Robert alighted from the Harvey car on the right side and went around to the rear of it and then proceeded to cross Trillium Drive toward his home. It appears without substantial contradiction that Robert had reached a point approximately eighteen inches from the east edge of Trillium Drive when he was struck by the appellee's car. It is also established that the car of the appellee struck Robert at a point just under the right front headlight of the vehicle.

It had been raining intermittently on the day of the accident. Some of the witnesses said that the road surface was dry, although the appellee testified that it was still wet to some extent at the time of the accident. It is conceded that the stated speed limit in the area was twenty-five miles per hour. The point of the accident was not at any crosswalk, but between street intersections. The appellee was accompanied by his wife and three children. He and his wife testified that he was traveling at about twenty miles per hour at the time of the accident, that the decedent dashed in front

of their car when the car was within twelve or fifteen feet of him, and there was nothing that could be done by appellee to avoid the accident. Appellee testified that he turned slightly to his left in an effort to avoid the accident. There were skid marks in the street which were measured as extending forty feet and six inches. The evidence warrants the inference that the car struck the boy before the brakes were applied.

■ A witness for the appellant, a Mrs. Embry, testified that on the day of the accident she observed appellee's automobile as it proceeded northwardly on Trillium Drive, and she gave it as her opinion that the car was traveling "between 35 and 40" miles per hour. Mrs. Embry said that she had the car in her vision for approximately one-hundred feet and related her own experience as a driver in support of her ability to formulate an accurate estimate of speed. She said that she heard the "scream" of the tires of the appellee's car "just a second or two, a few seconds" after appellee's car passed her. Mrs. Embry was so situated in her yard that appellee's car passed from her line of vision at a point approximately five-hundred feet from the scene of the accident. It is this fact that prompted the trial court to set aside the verdict and grant the judgment n. o. v., as he was persuaded that the evidence of Mrs. Embry was incompetent because she was situated too remotely from the scene of the accident. In a memorandum opinion expressing his views in sustaining the motion for judgment n. o. v., the trial judge wrote in part: "It was error to submit the question of speed to the jury. Mrs. Embry's testimony, taken as true, was not competent to establish speed, since it was out of her sight for about 500 feet. Atlantic Greyhound Corporation v. Franklin, 301 Ky. 867, 192 S.W.2d 753." It is our view that the trial court erred in holding that the testimony of Mrs. Embry was incompetent.

Both Mr. and Mrs. Edelen testified that he was driving at about twenty miles per hour throughout the short course of their journey before the unfortunate incident occurred. Neither of them suggested that he had

slowed his speed from that at which he was driving when he passed from the view of Mrs. Embry. We regard the case at bar as distinguishable on its facts from Atlantic Greyhound Corporation v. Franklin, 301 Ky. 867, 192 S.W.2d 753. In the Franklin case, it was held that the evidence of speed of the bus had no probative value in the circumstances of that case. There the bus had turned a corner, and there was strong evidence from several disinterested witnesses respecting its slower speed at the time of the accident. Here the automobile had not turned any corner but had continued on a straight, level course, and the driver and his wife pointedly failed to testify to any reduction in speed. In this circumstance, it is our view that the evidence of Mrs. Embry was competent. See Clay v. Sammons, Ky., 239 S.W.2d 927; Wood v. Dennison's Adm'r, Ky., 273 S.W.2d 374; Bohannon v. Buschmeyer, Ky., 291 S.W.2d 44.

■ Inasmuch as the evidence warranted the jury's conclusion that the appellee was exceeding the stated speed limit, his negligence could be found by the jury on the basis of his speed. By the same token, the question of the contributory negligence of the youthful decedent becomes a jury issue when it is recalled that the child could hardly be expected to make an accurate judgment as to the speed of the oncoming vehicle as he undertook to cross the street to his home. If the accident occurred as testified by the appellee and his wife, the jury should have found for the appellee. But, the jury was not so persuaded. The evidence, when Mrs. Embry's testimony is considered, is not so overwhelming as to warrant a ruling that the defendant, as a matter of law, was without negligence. Neither does the record impel the conclusion that the child was contributorily negligent as a matter of law.

■ The appellee suggests that the appellant has failed to preserve for appellate review any question of speed. This argument is based on the contention that appellant has designated a partial record and failed to include the question of speed within the statement of points. CR 75.04. As we read the designation, it is not a designation of a partial record; but even if it were so regarded, the statement of grounds of appeal includes the general ground " * * that there was sufficient evidence presented to the jury * * * to justify and support the jury's verdict * * *." We think that this is sufficient to preserve the question as to the admissibility of Mrs. Embry's testimony.

The judgment is reversed with directions to enter a new judgment in favor of the appellant, pursuant to the jury's verdict of $6,192.50.

All concur.