John BURNETT d/b/a Brownies Creek Bus Company et al., Appellants,

v.

Andrew WILDER, Administrator of the Estate of Andrew Wilder, Jr., Deceased, Appellee.

Court of Appeals of Kentucky.

March 22, 1974.

Robert B. Berger, Pineville, for appellant John Burnett.

Farmer Helton, Pineville, for appellee.

STEINFELD, Justice.

Appellant John Burnett was the owner and operator of a bus which regularly carried fare-paying members of the public as passengers between Brownies Creek and Pineville, Kentucky. Appellee Andrew Wilder, age 43 years, his 12-year-old son James, his 5-year-old son Andrew, Jr., and others were passengers on March 7, 1970, on a trip originating in Pineville. Wilder had ridden this bus many times. Enroute to Brownies Creek, Burnett stopped the bus on a driveway to his residence at the edge of the left-hand side of Brownies Creek road. He alighted from the bus, leaving open the door on the right-hand side of the bus, and he entered his residence. Wilder, his sons, and three other passengers remained on the bus. Wilder owed money to the operator of a store which was located across the busily traveled Brownies Creek road. While waiting for Burnett to return to the bus Wilder " * * * got up and went to the front of the bus and looked up and down the road to see if any cars were coming, and then (he) sent (James) * * * " to that store to pay the debt. When Wilder " * * * got worried about him coming back across the road (he) got up and went across the road to get him." Andrew, Jr., had been sitting on the bus playing with a toy. Wilder testified that he had told Andrew, Jr., to "stay there," but unbeknown to Wilder the child had followed him. As the boy started across the road he was killed by a passing automobile.

As administrator of his deceased son's estate, Wilder sued Barnett to recover damages for the alleged wrongful death of the boy. The theory on which damages were claimed was that Burnett was negligent in stopping the bus near the public highway and not protecting Andrew, Jr., by leaving a responsible person in charge or by giving instructions " * * * to Mr. Wilder * * * to care for (his children) while he (Burnett) was gone from the bus." A jury found Burnett negligent and fixed damages at $31,587.25. From a judgment entered on that verdict Burnett appeals. We reverse.

Burnett moved for a directed verdict in his favor, both at the close of the evidence presented on behalf of Wilder and when all the evidence had been introduced. On his motion for a new trial and for a judgment in his favor notwithstanding the verdict, Burnett argued, and on this appeal argues, that he may not be held liable.

Contending that he was not guilty of any negligence, Burnett asks, "What more care could a person use than to leave a boy with his father who is under no handicap or disability?" He claims that he could not be " * * * expected to foresee that the father would leave the little boy unattended." He also contends that if he was negligent, the boy's father was guilty of contributory negligence, and that because of that contributory negligence no recovery may be had. Wilder responds that "There is no testimony that the defendant gave positive instructions to Mr. Wilder * * * to care for them (his sons) while he (Burnett) was gone from the bus."

In 13 C.J.S. Carriers § 694, p. 1291, it is written:

"In respect of a child of tender years, it has been held or recognized that the primary duty of caring for such child is on the parents or their representative who has the immediate custody of such

child, and that, where such child is in the care of his parent, the carrier, through its employees, has the right to rely on the presumption that the parent will take such care of the child as the natural love of the parent would prompt him or her to exercise under the circumstances."

It was held in White v. Chappell, 219 N.C. 652, 14 S.E.2d 843 (1941), that a bus driver had the right to presume that the mother of an 8-year-old boy would look after him and to act on that presumption.

Shay v. Parkhurst, 38 Wash.2d 341, 229 P.2d 510 (1951), held that " * * * where a minor child is in the custody of his parent or a custodian, the carrier need not exercise special care with respect to the child." A 3½-year-old child fell out of the door of a moving taxicab in which it was riding with its mother.

An 11-year-old boy was found dead near the trucks used by a train on which he and his foster mother had been passengers. The defendant railroad company was held not liable in an action against it for the child's wrongful death. The court stated:

"No special obligation devolved upon the carrier to watch Larry's movements. Since he was in the custody of two adult persons, the railway was not required to extend in his particular case more than the usual high degree of care due to all passengers."

Norfolk & Western R. R. v. Estepp, 204 F.2d 880 (CCA 6, 1953).

We accept as sound the several decisions we have cited and hold that the principles they announced are applicable here. We are not unmindful of Wood v. Dennison's Administrator, Ky., 273 S.W.2d 374 (1954), and Kiser v. Justice, Ky., 336 S.W.2d 32 (1960), cited by appellee. *Wood* decided that a jury question was presented as to whether the father of a 5½-year-old boy was negligent in placing the boy in a position to cross a highway to deliver newspapers. *Kiser* involved the same question, a 6-year-old boy having been killed when he ran across the highway ahead of his mother. Neither of those cases deals with the problem now considered by us—the alleged negligence of the bus-driver in leaving his bus parked where it was " * * * knowing that children of tender age were on it." In the circumstances, we detect no negligence. Burnett's motions for a directed verdict should have been sustained. The trial court having erroneously failed to take that action, it should have granted Burnett's motion for judgment notwithstanding the verdict. Christian Appalachian Project, Inc. v. Berry, Ky., 487 S.W.2d 951 (1972).

The judgment is reversed with directions to dismiss the action.

All concur.