## Stevens v. Potter.

(Decided June 19, 1925.)

### Appeal from McCracken Circuit Court.

1. Highways—Denial of Peremptory Instruction on Ground of Contributory Negligence Held Not Error.—Where matter of speed at which plaintiff was traveling was in dispute, denial of peremp-

tory instruction on ground of contributory negligence was not error.

2. Highways—Testimony Held Properly Excluded on Question of Plaintiff's Speed at Time of Accident.—Testimony that plaintiff was seen traveling at an excessive speed, a quarter of a mile from scene of accident, and that he had previously stated he expected to be in a place 20 miles away in half an hour, held properly excluded on question of his speed at time of accident.

3. Highways—Instruction on Question of Contributory Negligence Held Not Erroneous for Failure to Incorporate Statement of Plaintiff's Duty to Sound Horn if Necessary.—Under Kentucky Statutes, section 2739g-28, requiring automobile drivers to sound horns "whenever necessary," instruction on question of contributory negligence held not erroneous for failure to incorporate statement that plaintiff was required to sound horn, in view of evidence as to necessity therefor.

4. New Trial—Denial of New Trial on Ground of Newly Discovered Evidence Held Not Error.—In action for injuries sustained in automobile collision, as result of defendant's violation of Kentucky Statutes, sections 2739g-34, 2739g-35, denial of new trial on ground of newly discovered evidence held not error, in view of diligence shown, and character of evidence and its probable effect on retrial.

5. New Trial—Newly Discovered Evidence to Justify New Trial Must be Such as Would Likely Produce Different Result.—Newly discovered evidence to justify new trial must be such as to satisfy court that, if heard by jury along with other evidence, a different verdict would result.

CROSSLAND & CROSSLAND for appellant.

MOCQUOT, BERRY & REED for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

On March 1, 1923, appellee was driving his automobile in an easterly direction along the Blandville road towards Paducah when he was run into by the automobile of appellant, then being driven by appellant's son, Cary Stevens. Appellant does not question but that he is responsible for any negligence of his son on this occasion. The boy at this time was thirteen years of age, and his driving of this car was in direct defiance of section 2739g-34, Kentucky Statutes, which prohibits any person under fourteen years of age driving an automobile on a public highway at any time or under any conditions. The road at the point where the accident happened crosses a culvert and extends in either direction

from the culvert in a straight line for a mile or more. The appellee had crossed the culvert and had gotten his Ford as far to the right hand side of the road as he could— one of his wheels being right next to or in a water furrow, sometimes called in this evidence a ditch, beside the road. Appellant's son was going in a westerly direction. He claims that on account of the lateness in the afternoon the declining sun was shining on the windshield direct in his eyes, for which reason he could not see over ten or fifteen feet ahead unless he looked out the side of his automobile when he could see about thirty or forty feet ahead. Although he was thus blinded, he drove his machine in the middle of the road, the right and left wheels being on either side of the crown, and this in defiance of section 2739g-35 of the Kentucky Statutes, which forbids a person to drive in the middle of the road unless the left side of the road is clear of traffic and presents a clear vision for a distance of at least 150 feet ahead. Appellant's son did not see appellee's car until he was right upon it and then it was too late to avoid the collision. As a result of the collision appellee's car was overturned and he received a very severe fracture to the bones of both legs. On the trial appellee recovered a verdict of $1,000.00, to reverse which this appeal is brought.

Appellant first insists that he was entitled to a peremptory instruction because of appellee's alleged contributory negligence. It seems to be appellant's theory that the evidence showed appellee at the time of the collision was going at an excessive rate of speed. This matter of speed was in dispute, as appellee's testimony indicated that he was going to a reasonable rate of speed. Hence it is manifest that appellant was not entitled to the peremptory instruction requested. We may also say that we do not see how the collision could have been averted had appellee been standing still, for he was over on the right hand side of the road as far as he could get according to all of the testimony in this case, and it is plain that the collision was caused by appellant's son driving down the middle of the road without being able to see where he was going.

Appellant next insists that the court excluded relevant testimony offered by him to the effect that appellee was seen by witnesses just before the accident going up the road at a very high rate of speed. None of these

witnesses at the time they saw appellant were nearer than 400 yards to the point of collision and none of them saw appellee after he passed them. The fact that appellee, a quarter of a mile away from the scene of the accident, may have been going at a high rate of speed is no logical or relevant evidence that he was going at that speed at the point of the accident. The same is true concerning the statement which the court excluded, that appellee is alleged to have made on leaving Gage, twenty miles from Paducah, to the effect that he expected to be in Paducah in half an hour.

Appellant also contends that the court erred in refusing to give an instruction offered by him on contributory negligence. This instruction was an abstract one and the appellee was amply protected on this branch of the case by instruction number five which the court did give. Appellant, however, argues that this given instruction is erroneous because the court declined to state therein that it was the duty of appellee at the time and place of the accident to sound his horn. Kentucky Statutes, section 2739g-28, provides that horns shall be sounded "whenever necessary." This court in the recent case of United Casket Co. v. Reeves, 206 Ky. 581, 267 S. W. 1108, stated that as a general rule the question of the necessity of blowing the horn is one of fact for the jury but may under some circumstances be a question of law for the court. The case of Nunnelley's Admr. v. Muth, 195 Ky. 352, 242 S. W. 622, and other cases cited by appellant are not in conflict with this Reeves case because they were based on section 2739-15 of Carroll's Kentucky Statutes, 1915, now repealed, which made it mandatory for one to sound the horn on passing vehicles. The present statute differs from this earlier one, in that in sounding the horn on all occasions it is now not mandatory except "where necessary." It is highly doubtful whether or not the evidence in this case disclosed any necessity of blowing the horn within the meaning of the statute. Appellee saw appellant coming down the middle of the road straight towards him. He was over to the side of the road as far as he could get. There was no cause of apprehension or reason to believe that appellant's son would not turn to his side of the road to pass until he got so close to appellee that it was apparent he did not see appellee. At that time, however, the blow-

ing of the horn would have done no good as it was too late then to avert the collision. But be that as it may, under instruction No. 5 given by the court, the jury were told that it was appellee's duty to exercise ordinary care for his own safety and that if he failed to exercise ordinary care for his own safety by reason whereof the accident occurred he could not recover. Everybody knows that automobiles, and especially Fords, are equipped with horns, and if the jury thought that this accident could have been averted by appellee blowing his horn they would not have been warranted in finding for him under this instruction. Therefore, under the facts of this case we do not regard the failure of the court to incorporate in this instruction the idea that it was the duty of appellee to sound his horn if necessary as prejudicial.

It is next insisted that appellant was entitled to a new trial on the ground of newly discovered evidence. This newly discovered evidence is to the effect that two of the witnesses introduced by appellee to substantiate his testimony as to how the accident happened did not see the accident because, although they claimed they were only a block and a half away from the point of the accident at the time it happened and immediately drove up, yet, according to these newly discovered witnesses who arrived on the scene of the accident shortly after it happened, appellee's witnesses were not then in sight and did not arrive until about a quarter of an hour later. There are six of these so-called newly discovered witnesses. Four of them testified on the trial and after the witnesses whom it is sought to impeach had testified. Appellant never inquired of his witnesses concerning the testimony offered by appellee's witnesses nor does he show that he exercised any diligence whatever to ascertain from them on the stand or off the stand during the trial any of the facts he now seeks to prove. One of these witnesses was his own son who was present and testifying. Further, the essential facts in this case were not in dispute. Appellee was as far to his side of the road as he could get. Appellant's son, blinded by the sun, was driving down the middle of the road not only in the teeth of the statute, but also against the dictates of ordinary care. The rule is that to authorize a new trial on the ground of newly discovered evidence, the new evidence must be such as to satisfy the court that, if heard by the

jury along with the other evidence, a different verdict would have been rendered. Benge's Admr. v. Marcum, 194 Ky. 121, 238 S. W. 174. Such is not the case here. Hence we conclude that the lower court did not err in refusing to grant a new trial on this ground.

Perceiving no error prejudicial to appellant's substantial rights, the judgment of the lower court is affirmed.