## Elkins v. Commonwealth.

(Decided June 21, 1932.)

584

C. A. NOBLE for appellant.

BAILEY P. WOOTTON, Attorney General, and H. HAMILTON RICE, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE DIETZMAN—Reversing.

Appellant was convicted of the offense of voluntary manslaughter arising out of an automobile accident and sentenced to serve five years in the penitentiary. This appeal results.

The accident, which is the cause of the present prosecution, occurred on August 1, 1931. Late in the afternoon of that day, appellant, who then lived in Jeff, Perry county, Ky., went, in company with Kelly Shackelford, to Jackson for the purpose of getting his Buick roadster which he had left there for repairs. He secured his automobile about 7 o'clock, rode around the town for a while, and then started home to Jeff. About 2 miles out of Jackson, he had a collision on a sharp curve in the road with a Marquette sedan owned by Estill Combs of Hazard and which was being driven by the latter's nephew, Dave Combs, and in which Mrs. Estill Combs was riding. Mrs. Combs received fatal injuries in the collision, and died about three hours later in the Bach Hospital in Jackson. The commonwealth claims that prior to and at the time of the collision appellant was driving on the wrong side of the road at a rate of from 50 to 60 miles an hour, and that the collision was due to his gross and reckless carelessness in operating his machine. On the other hand, appellant claims that he was driving on his right side of the road at a rate not exceeding 20 or 25 miles an hour, and that the Combs machine approached him on its wrong

side of the road at a very rapid rate of speed. He admits that as the Combs machine drew nearer he did not undertake to stop or slow up, but he says the reason for this was that he thought the Combs machine would surely cross over to its right side of the road before it reached him. However, when he realized that the Combs machine was not going to cross the road, it was then too late to stop his car, and that, in the effort to avoid the inevitable collision, he veered over to the other side of the road in the effort to pass the Combs machine on its right side; that, just as he did this, the Combs machine also veered over, as a result of which the two machines collided on what was the appellant's wrong side of the road, the damage to both machines occurring principally on their respective right-hand sides. Both parties produced witnesses as to the location of the respective machines after the accident, their testimony tending to corroborate the contention of the party for whom they were testifying.

As grounds for reversal, appellant insists, first, that his demurrer to the indictment should have been sustained. So far as pertinent to this contention, the indictment reads:

"The grand jury of Breathitt County in the name and by the authority of the Commonwealth of Kentucky accuse Arnold Elkins and Kelly Shackelford of the crime of voluntary manslaughter committed in manner and form as follows, to wit: The said defendants ————— in the County of Breathitt," etc.

It is insisted that, inasmuch as the defendants were named only in the accusatory part of the indictment, it is fatally defective. However, the descriptive part of the indictment reads, "the said defendants," which plainly refers to the defendants thereinbefore named in the accusatory part. The appellant could not have been misled by the failure to rename him in the descriptive part, and this indictment, coupled with whatever judgment which may be entered upon it, sufficiently identifies the accused so as to make available to him a plea of former conviction or acquittal should he hereafter have occasion to make use of it. There is no merit in this first contention of the appellant nor in his argument that the descriptive part of the indictment insufficiently describes

the offense of voluntary manslaughter based, as here, on an automobile accident.

He next contends that the court erred in admitting incompetent evidence against him. This consists of four items: First, the evidence of the witness, Beech Davis, who testified that, while confined in the jail with the appellant, the latter admitted to him that at the time of the accident he had been drinking, was driving between 50 and 55 miles an hour, and was hugging the curve. This evidence was admissible as an admission on the part of the accused. The second item complained of is the testimony of the witness, Rice, who went to the scene of the accident just after it happened, and viewed the location of the machines as he then found them. He testified as to this and also as to the width of the road. To illustrate and make clear his evidence, he made use of a sketch of a map which he did not contend was a map drawn to scale. The use of the map was only for purposes of illustration and not to establish mathematical details, and although objected to by appellant, was competent for the purpose for which it was used. The third item complained of is the testimony of Dr. Bach, to the effect that a short while after the accident, and in the hospital whither Mrs. Combs had been carried, he smelled liquor on the breath of the appellant. This was admissible. Appellant steadily denied that prior to or after the accident he had taken any drink. Whether he had or not, and, if he had, what effect it had upon his inhibitions as a reckless driver, were questions for the jury. The testimony of Dr. Bach as to the condition of appellant was sufficiently near in time to the accident to be relevant as to the condition of appellant at the time of the accident, especially in view of the fact that there was no contention that this condition had been changed any since the accident. As to the fourth item, however, we are convinced that appellant is correct in his contention. This item consists of the evidence of Mr. E. C. Hyden, who testified that appellant while in Jackson about an hour before the accident was driving about the city in a reckless fashion. He would not say that he thought appellant was then drunk, but he did say that appellant was either drunk or in a highly reckless mood. The manner in which appellant was driving in Jackson an hour or more before the accident had no relevancy to the question of the speed at which he was driving at the time of

the accident or on which side of the road he was then driving. Stevens v. Potter, 209 Ky. 705, 273 S. W. 470. Nor did it establish that appellant was then drunk, for even Mr. Hyden would not say that from what he saw and observed on that occasion that appellant was then drunk. The evidence of Mr. Hyden was under the circumstances of this case, and in view of the closeness of the question of reckless negligence vel non on the part of the appellant at the time of the accident, prejudicial as it tended to induce the jury to believe that reckless driving in Jackson was but a forerunner of what happened out on the road some two hours later.

It is next contended that the instructions were erroneous. In so far as instruction No. 4 referred to instruction No. 2 instead of instruction No. 3 for the extent of the punishment to be inflicted in the event the jury was in doubt as to whether the appellant was guilty of voluntary or involuntary manslaughter, it was erroneous, and on the next trial the court will correct such instruction to refer to the proper instruction. Otherwise, however, these instructions substantially conform to those directed to be given in the case of Jones v. Commonwealth, 213 Ky. 356, 281 S. W. 164, and we find no merit in the criticism of them advanced in brief.

Lastly, it is urged that the verdict is flagrantly against the evidence, but in this, too, we find no merit, for, if the commonwealth's proof is to be believed, appellant was plainly guilty of the offense for which he was convicted.

Judgment reversed for a new trial consistent with this opinion.