## Cornett v. Commonwealth.

March 15, 1940.

John W. Caudill, Judge.

C. A. Noble for appellant.

Hubert Meredith, Attorney General, and W. Owen Keller, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY SIMS, COMMISSIONER—Reversing.

The appellant, Lester Cornett, who will be referred to as the defendant, was convicted in the Knott Circuit Court of manslaughter and his punishment was fixed at confinement in the penitentiary for two years. On this appeal he urges a reversal of the judgment because: (1) The court should have sustained his motion for a peremptory instruction; (2) the court erred in the instruction given; (3) incompetent evidence was admitted which prejudiced his substantial rights.

The record shows the following facts: The defendant was driving his father's automobile on State Highway 15 in Knott County at a speed of 30 or 35 miles an hour, and as he rounded a curve and entered upon a

straightaway of some 600 feet, he saw the decedent, Hubert Hylton, 13 years of age, and another boy, Ival Maggard, 16 years of age, on his extreme left of the road throwing, or passing, a large ball from one to the other. Frank Sparks was driving a car approaching defendant, Sparks' car being on the same side of the road upon which the boys were throwing the ball. These boys were off the hard surface and were on the shoulder, or berm, of the road, and Sparks slowed his car from some 30 miles to about 10 miles an hour and blew his horn. The record does not show whether defendant gave any signal of his approach, but he testified that he did not slacken his speed. The evidence is conflicting as to whether defendant was driving in the center of the road or to his right of the center. While Sparks' car was some 50 feet from the boys, Hubert failed to catch the ball; it bounced out 4 or 5 feet on the road, and he went after it apparently without seeing defendant's car. He recovered the ball near the center of the road and just as he raised from a stooping position, defendant's car passed and the handle of the left door struck Hubert in the head and killed him. Defendant knew he struck this boy, but failed to stop his car, giving as his reason that he was afraid he might be killed. He went to his grandfather's home, which was in the neighborhood where the accident happened, got his parents, drove them home and although his father noticed the handle on the left door of the car was broken and made some remark in reference thereto, the defendant never mentioned the accident. Howver, when arrested at school on the day following the accident, the defendant readily admitted he was driving the car which inflicted the fatal injury.

The evidence is not greatly conflicting except as to upon what part of the highway defendant was driving his car at the time of the accident, and as to the manner in which Hubert Hylton went on the highway after his ball, that is, whether he suddenly darted onto the highway, or whether he leisurely went after the ball. Defendant testified he was driving about 30 miles an hour on his extreme right of the road and while he saw the boys on the opposite shoulder of the road playing ball, he was watching the approaching car of Sparks; that as he got "pretty close" the deceased ran in front of Sparks' car and seeing that it was going to run over

him, he ran across the road and into the side of defendant's car.  Defendant did not apply his brakes, testifying that the accident happened so suddenly he could not stop his car.

The driver of an automobile is chargeable with the natural and reasonable consequences of the manner in which he operates it.  Where one drives an automobile upon a highway recklessly, with gross carelessness or in a wanton manner that he knows, or has reasonable grounds to believe, is reasonably calculated to injure others using the highway, and in so doing strikes and kills another, he is guilty of voluntary manslaughter. While one who drives an automobile on the highway in such a manner as to violate the law of the road, or negligently and carelessly drives same so as to endanger the life or limbs or property of another on the highway, and in so doing strikes and kills another, he is guilty of involuntary manslaughter.  Jones v. Com., 213 Ky. 356, 281 S. W. 164.  Applying this rule to the facts in the instant case, it is evident the court did not err in refusing to direct a verdict in favor of the defendant.  When one drives an automobile at 30 or 35 miles an hour on a public thoroughfare and approaches children playing on the edge or side thereof with a toy like a ball which is liable to get out of their control, with the known propensity of children to chase a bounding ball, and the driver of the car does not sound a warning of its approach, or does not bring it under such reasonable control as will be reasonably calculated to avert an accident if one of the playing children should suddenly dart on the highway, it is a question for the jury under proper instructions to say whether the driver of the automobile is guilty of the crime of voluntary or involuntary manslaughter, or is guilty of neither.

For some unknown reason the court gave two instructions on involuntary manslaughter, both of which were erroneous, being numbers two and three.  In neither did he correctly instruct the jury upon the punishment to be inflicted in the event it convicted the defendant of involuntary manslaughter.  The only place punishment is mentioned in the second instruction is where it ends and these words are used, "and fix his punishment by imprisonment in the reasonable discretion;" and the only place punishment is mentioned in

the third instruction, which is also one upon involuntary manslaughter, is where it ends with these words, "and fix his punishment as provided in instruction number two." Involuntary manslaughter is a common law misdemeanor for which the statutes have fixed no penalty, therefore, the punishment for this crime is a fine in any sum, or imprisonment in a county jail for any length of time, or both such fine and imprisonment may be inflicted. Spriggs v. Com., 113 Ky. 724, 68 S. W. 1087, 24 Ky. Law Rep. 540.

The verdict returned reads: "We the jury do agree and find defendant guilty and fix his punishment at two years in the State Reformatory." It is impossible to determine from the record before us whether the jury convicted defendant of voluntary or involuntary manslaughter, since from the instructions the jury might have thought it could fix defendant's punishment at confinement in the penitentiary though he were found guilty only of involuntary manslaughter. Therefore, it cannot be said the court's error in not correctly defining the punishment under the involuntary manslaughter instruction was not prejudicial to defendant. Indeed, the attorney general with commendable frankness admits the judgment should be reversed on account of this error in the instructions.

The instructions as a whole are awkwardly and inartificially drawn, and other complaints are made of them by the defendant in addition to the one discussed in the preceding paragraph. However, we will not consume the time and space necessary to take up these other criticisms. It will suffice to call to the attention of the trial court that in Jones v. Com., 213 Ky. 356, 281 S. W. 164, this court wrote a full and complete set of instructions covering voluntary and involuntary manslaughter. We suggest that upon another trial of the instant case he follow the instructions set out in that opinion, as that case is quite similar to the one here.

Defendant complains that the court erred in permitting Charles Ferguson to testify as to the manner in which defendant was driving some two and a half miles, and some twenty or thirty minutes, before he reached the scene of the accident; and in permitting Ford Campbell to give a similar character of testimony. The man-

ner in which defendant was driving two and a half miles before he reached the place of the fatal accident, or the manner in which he was driving a short distance thereafter, could have no relevancy as to the manner in which he was driving at the point when the accident occurred. Stevens v. Potter, 209 Ky. 705, 273 S. W. 470; Elkin v. Com., 244 Ky. 583, 51 S. W. (2d) 916. It is common knowledge that one may greatly change the course of his automobile on the highway and materially change his speed within a very few seconds and within a very short distance. Here the commonwealth was in possession of testimony whereby the defendant admitted he was the driver of the car which struck deceased, and the natural effect of the testimony of Ferguson and Campbell was to prejudice the jury against defendant because of the manner in which he was driving his car at other points on the highway and too remote from the scene of the accident to have any relevancy thereto. On another trial the court will refuse to allow these two witnesses, or any other witnesses, to testify as to the manner in which defendant was operating his car so far away from the immediate scene of the accident that he could have changed his course or his manner of driving before he reached there.

The judgment is reversed for proceedings consistent with this opinion.