242 P.2d 279

MORRIS et al. v. AERO MAYFLOWER TRANSIT CO. et al.

No. 5383.

Supreme Court of Arizona.

March 31, 1952.

Rehearing Denied April 22, 1952.

V. L. Hash and Virginia Hash, of Phoenix, for appellants.

Stockton & Karam, of Phoenix, for appellee Joseph A. Reilly.

Scott & Green, of Phoenix, for appellee Aero Mayflower Transit Co.

PHELPS, Justice.

On the 25th day of July, 1948, plaintiffs, appellants herein, as proverbial innocent bystanders, were involved in a collision at 48th and East Van Buren Streets between a heavy truck and trailer and a 1937 Model Ford automobile owned and operated respectively by the Aero Mayflower Transit Company, a corporation, whose principal place of business is in Indianapolis, Indiana, and Joseph A. Reilly of Mesa, Arizona, defendants and appellees herein.

Plaintiffs sustained major injuries and brought separate actions against the defendants. The true name of John Doe, driver of the truck, is Glen Wiley upon whom no process of service was had and who, therefore, is not properly before this court. The two causes of action were consolidated for trial and tried to a jury. A verdict was returned in favor of defendants and in each case judgments entered thereon. Plaintiffs appeal to this court from said judgments and from the orders denying plaintiffs' motions for a new trial.

The specific negligence upon which plaintiffs base their cause of action is that the defendant Reilly drove his automobile south on 48th Street and entered the intersection of Van Buren at a high and negligent rate of speed under the circumstances then existing which proximately caused the injuries to the plaintiffs and that at the time and place his brakes were wholly inadequate and defective; that the truck and trailer operated by the defendant Aero Mayflower Transit Company had a gross weight of 20,000 pounds and that the driver thereof was operating it at a speed in excess of that permitted by law for vehicles of that kind and that it was traveling at a speed of 60 miles per hour whereas the speed provided by law for such vehicles at that place, it is alleged, is 25 miles per hour. The defendants deny generally and specifically the allegations of the complaint, and the defendant Reilly plead as an affirmative defense contributory negligence on the part of the plaintiffs in that they were then and there driving and operating the said motorcycle on the left (or wrong) side of the road. He further interposed the defense that immediately prior to reaching the intersection of 48th Street and East Van Buren the brakes on his automobile suddenly then and there failed; that he had no prior knowledge of defects in said brakes and that by reason of their failure he was suddenly faced with an emergency and that the accident resulting therefrom was unavoidable. A cross-claim was filed by the defendant Aero Mayflower Transit Company against Joseph A. Reilly but the issues there involved are not before us.

Plaintiffs have presented eight assignments of error, the first of which is based upon the proposition that the court erred in giving an instruction on behalf of defendant Reilly on contributory negligence upon the ground that there is no evidence in the record to justify an instruction thereon.

This necessitates a review of the evidence. The facts are that on the date the collision occurred between the truck and the Ford car as alleged in the complaint, plaintiffs had stopped their motorcycle on 48th Street eight or ten feet south of the south curb line of Van Buren. Plaintiffs furnished the only testimony concerning their position on 48th with respect to the center of the street. They both testified they were stopped on the east half of 48th Street; that they had dismounted and were standing on the west side of the motorcycle

which was pointed north. Van Buren Street is paved and is 56 feet wide between the curbs at that point. There are stop signs both on the north and south sides of Van Buren. 48th Street is 46 feet wide at that point and is a graveled highway south of Van Buren. The truck involved together with its cargo weighed 21,000 pounds. It was proceeding in a westerly direction on Van Buren Street on a one per cent down hill grade at a speed of at least 30 to 35 miles per hour when the Ford car, according to the testimony of Truman DeWitt, a disinterested witness, ran out into Van Buren at approximately the same speed. Glen Wiley, driver of the truck, testified to the same thing. Reilly, driver of the Ford car, estimated his speed at 15 miles per hour at the time. The truck hit the left rear corner of the Ford car back of the left rear wheel tearing off the left side of the trunk of the car. The impact occurred about 18 feet south of the north curb of Van Buren Street.

Reilly testified at the trial: "Well, I was struck and my head hit the side of the door, and the cobwebs come in my head and I kept shaking my head to clear my head, and I still had hold of the wheel, I can remember that even when I turned around."

The highway patrolman, Mr. Perica, testified that Reilly told him at the scene of the accident after he had completed his examination of the physical facts that: "When he (Reilly) found his brakes wouldn't work there was nothing for him to do but try to make it across and when he got out in the intersection that is all he can remember of it. He said he was hit and that was all."

If these statements are true Reilly didn't know what transpired after he was hit by the truck. His answers on cross-examination on the material facts surrounding the accident of "I think so," "I think I did," etc., confirm the truth of the above statements made by him.

The truck driver lost control of the truck, after the impact, which turned over on the south side of Van Buren 110 to 115 feet west of the center of 48th Street with its front pointing east. According to the testimony of the witness DeWitt who did not know any of the parties, the Ford car began to spin when hit by the truck. This was confirmed by Murel Morris one of the plaintiffs, who stated when he looked up after hearing the crash, the Ford car was within ten feet of him, spinning around with its rear end then toward him, and coming right at him; that it was north and east of him. That was the last thing he remembers. The bodies of plaintiffs and their motorcycle were found on the west half of 48th Street about eight feet south of the Van Buren Street curb; the motorcycle was six or eight feet east of the west edge of 48th Street and the bodies of plaintiffs were six or seven feet east of the motorcycle. Some articles of the trunk of the Ford car were lying near the motorcycle. The right

handlebar of the motorcycle was crushed back toward the body of the vehicle. There were some ruts in the gravel on the east side of 48th Street just south of the south curb of Van Buren and there were ruts on the west side of 48th Street leading over toward the east side thereof which "looked as if somebody had drug something across the road." These ruts or marks lead back under the Ford car to the rear wheels. The Ford stopped on the east side of 48th Street 35 to 40 feet south of Van Buren with its front pointing in a northwesterly direction and with all its wheels off the road except the left front wheel. All of the casings on the Ford were fully inflated. (This conclusively shows that the rear wheels skidded sidewise across 48th Street along the marks above described as leading under the car to its rear wheels.)

No one testified that plaintiffs were not on the east half of 48th Street at the time they were hit. The physical facts are not in dispute. It is the contention of appellees that the fact that the bodies of plaintiffs and the motorcycle together with some tools from the trunk of the Ford car were found on the west side of 48th Street about eight feet south of the Van Buren Street curb justifies the inference that plaintiffs were on the west half of 48th Street at the time they were struck and this being true, plaintiffs were guilty of contributory negligence. We do not believe such a conclusion can reasonably be inferred either from such facts or from all of the evidence, nor do we believe it to be a physical possibility that the bodies of plaintiffs and their motorcycle were struck down and left at the point of impact with the Ford car.

 We therefore hold that the trial court erred in submitting the question of contributory negligence to the jury for the reason that there is no evidence in the record from which the jury could have reasonably inferred that plaintiffs were on the west half of 48th Street when struck by the Reilly car. Even though an issue may be raised by the pleading, unless it is supported by evidence it is not proper to instruct upon it. Butane Corporation v. Kirby, 66 Ariz. 272, 187 P.2d 325. This case further held in substance that an instruction may not be based on slight and inconclusive evidence. It must be based on evidence actually adduced or on reasonable inference. See also Southwest Cotton Co. v. Clements, 25 Ariz. 169, 215 P. 156.

 We are not unmindful of the fact that contributory negligence, under the Constitution, is a question of fact for the jury. But we are dealing here with the action of the trial court in submitting the question of contributory negligence to the jury when there is no substantial evidence to support it.

We had a similar question before us in the case of Humphrey v. Atchison, T. & S. F. Ry. Co., 50 Ariz. 167, 70 P.2d 319, 322 and approved in Citizens Utilities Co. v. Firemen's Ins. Co., Ariz., 240 P.2d 869,

872. We said in that case: " * * * In Arizona the existence of contributory negligence is a question of fact for the jury and not of law for the court. We think, however, that this rule does not go to the extent of permitting a jury to find contributory negligence on the part of a plaintiff when there is no evidence from which any reasonable man might reach such a conclusion, as such a finding would clearly be actuated by passion and prejudice, and it would be the duty of the court to set it aside. Unless, therefore, there was some substantial evidence from which a reasonable man might have inferred it existed, the court should not have submitted the issue to the jury. (Citing cases.)"

We believe this to be the rule that should be applied in cases of this kind.

▋ As to the defendant Aero Mayflower Transit Company, there is no evidence in the record that the driver of the truck was negligent at the time and place. There is no evidence of its speed at that point except that of Wiley, the driver of truck, who testified he was traveling between 30 and 35 miles per hour at that point. The speed limit on Van Buren east of 48th Street was 45 miles per hour. A sign at 48th Street directed westbound traffic to slow down to 35 miles per hour after passing 48th Street. The testimony of Lloyd Morris that the truck was making 50 miles per hour four or five blocks east of 48th Street is entitled to no consideration, first because the witness wasn't shown to be qualified to give such testimony, and secondly, because evidence of speed of the truck four or five blocks away from the point of impact is incompetent to show the speed of the truck at 48th Street unless it were further shown that he maintained the same speed until it reached 48th Street. Young v. Campbell, 20 Ariz. 71, 177 P. 19. At 30 or 35 miles per hour or even at 25 miles per hour the driver of the truck couldn't possibly have avoided striking the Ford car which suddenly came out in his line of traffic only 25 to 30 feet ahead of the truck when he saw him.

The other assignments of error are without merit. The judgment of the trial court as to defendant Reilly is reversed with instructions to grant plaintiffs' motion for a new trial for the reasons hereinabove stated.

The judgment of the lower court is affirmed as to Aero Mayflower Transit Company, a corporation.

UDALL, C. J., and STANFORD, DE CONCINI and LA PRADE, JJ., concurring.