## GAUZE et al. v. HORN.

Court of Appeals of Kentucky.
Dec. 19, 1952.

W. A. Johnson, Paintsville, for appellants.

W. R. McCoy, Jr., Inez, for appellee.

MILLIKEN, Justice.

This is an appeal from a judgment awarding appellee, Ransom Horn, the sum of $779.40 for damage resulting to his automobile when it collided with a truck owned by Orville Gauze and operated by his son, Lawrence Gauze, both of whom are appellants herein.

The collision occurred on May 29, 1950, at about 3 p. m. on Highway 40 in the village of Beauty, Martin County, Kentucky. Immediately prior to the collision, appellee's car was parked at a filling station on the north side of the highway some distance back from the edge of the black top, headed in an easterly direction. The appellants' truck rounded a sharp curve just west of the filling station, proceeding easterly, when appellee started his car in the same direction. It is undisputed that the operator of the truck observed the car moving from its parked position when he was approximately 100 to 150 feet away. The appellee, upon entering the highway, slowly angled his car toward the right and proper lane. There is evidence that he proceeded about 20 feet before entering the right lane, but there is evidence to the contrary that he never reached the right lane.

The operator of the truck testified that as soon as appellee's car commenced to move from its parked position, he applied his brakes and moved to the extreme right side of the highway, to the extent that the right wheels of his truck got off the black top and onto the berm of the highway. He said that he blew his horn, but that appellee continued to drive on the left side of the highway and that he therefore thought that appellee was making room for him to pass to his right. He also said that there was a concrete culvert close to the edge of the black top immediately ahead and that therefore he had to get his truck back entirely on the black top; and that upon passing the appellee's car, it suddenly veered to the right, thereby causing the collision.

Appellee testified that he was angling to the right side of the highway in second gear and that he was not aware of the

presence of the truck until after the accident. He further testified that the truck hit his car with tremendous impact.

The undisputed physical facts are that the steel body of the truck hooked the body of the car and turned it completely around in the highway, causing considerable damage to the car. The impact knocked the rear wheels of the truck out of line, disconnecting the gears and drive shaft, thereby causing the driver to lose control and run the truck into a ditch on the left side of the highway about 30 feet down the road from the point of collision.

Appellants urge two grounds for reversal, i. e.: (1) the appellee was guilty of contributory negligence as a matter of law because he violated certain statutory duties; and (2) the trial court admitted irrelevant and prejudicial testimony over the objection of the appellants.

The appellants' first contention is predicated on the following statutory duties, which appellants contend appellee admittedly violated:

(a) KRS 189.330(6):

"The driver of a vehicle about to enter or cross a highway from a private road or driveway shall yield the right of way to all vehicles approaching on the highway."

(b) KRS 189.440:

"No person shall start a vehicle that is stopped or parked unless and until the movement can be made with reasonable safety."

(c) KRS 189.300(2):

"The operator of any vehicle moving slowly upon a highway shall keep his vehicle as closely as practicable to the right-hand boundary of the highway, allowing more swiftly moving vehicles reasonably free passage to the left."

The appellee testified that he looked both ways before starting his vehicle and before entering the highway and that there was no approaching traffic; and that after entering the highway, he was attempting to move into the right lane. It was utterly impossible for him to enter the right lane of the highway at a 90 degree angle from the position where his car was parked on the north side of the highway. Since the evidence is conflicting, we cannot say as a matter of law that the appellee was contributorily negligent.

The appellants' next contention that the trial court admitted irrelevant and incompetent evidence is directed at the testimony of Mr. and Mrs. McCoy, who testified that the truck was travelling from 55 to 60 miles an hour a quarter of a mile up the highway from the scene of the collision. Their testimony was the only testimony in chief as to the truck's rate of speed. Upon examining the appellee's petition, we find that he did not allege negligence generally, but specifically alleged that the proximate cause of the accident was the rate of speed at which the truck was operated. In Stevens v. Potter, 209 Ky. 705, 273 S.W. 470, we held that testimony that the plaintiff was seen traveling at an excessive speed one-quarter of a mile from the scene of the accident was properly excluded on the question of his speed at the time of the accident. In Cornett v. Commonwealth, 282 Ky. 322, 138 S.W.2d 492, we held in a prosecution for manslaughter that the admission of testimony as to the manner in which the defendant was driving 2½ miles before he reached the place of the accident was improper. See, also, Elkins v. Commonwealth, 244 Ky. 583, 51 S.W.2d 916.

In certain circumstances testimony as to the rate of speed of an automobile prior to a collision may be competent. For example, in Ewing-Von Allmen Dairy Co. v. Fowler's Ex'r, 312 Ky. 547, 228 S.W.2d 449, we held that the testimony of a witness who observed the speed of an automobile 500 yards from the point of collision was competent when he continued to observe the car from the time it passed him until the collision occurred. See, also, Wigginton's Adm'r v. Rickert, 186 Ky. 650, 217 S.W. 933; Consolidated Coach Corp. v. Wright, 231 Ky. 713, 22 S.W.2d 108; Lehr v. Fenton Dry Cleaning & Dyeing Co., 258 Ky. 663, 80 S.W.2d 831; Home Laundry Co. v. Cook, 277 Ky. 8, 125 S.W.2d

608

763. And in Clay v. Sammons, Ky., 239 S.W.2d 927, the testimony of three witnesses as to the speed of a vehicle, 2½ miles from the scene of the collision, was held to be competent where it was used to contradict appellant's testimony that he had driven all the way from his home to the place of the accident at a reasonable rate of speed and where, in addition, the appellees had pleaded imputed negligence, contributory negligence, and assumption of the risk on the part of a passenger in the vehicle. In the case at bar, the appellants' truck was not within the witness' observation at the time of the collision, so there is no assurance that the same rate of speed was maintained. We believe, therefore, that the circumstances in the instant case bring it within the Stevens and Cornett cases.

Inasmuch as the sole negligence alleged by the appellee was the rate of speed, and since the natural effect of the testimony of Mr. and Mrs. McCoy would be to prejudice the jury against the appellants because of the speed of the truck at a point too remote from the scene of the accident to have any relevancy thereto, we conclude that the judgment must be reversed, with directions that upon another trial the court should refuse to allow these two witnesses to so testify.

The judgment is reversed.