[No. 32807. Department Two. March 3, 1955.]

FRANCES G. SULLIVAN, *as Executrix, Appellant,* v. RUSSELL F. DUNN *et al., Respondents.*[1]

*Cunningham & Cunningham,* for appellant.

*Donn F. Lawwill* and *O. M. Nelson,* for respondents.

SCHWELLENBACH, J.—Edward R. Sullivan was killed in an automobile collision which occurred about 5:30 p. m. on March 12, 1953, on state highway No. 9 between Aberdeen and Montesano. This action was commenced by his widow, executrix of his last will and testament, to recover damages for his alleged wrongful death, for funeral expenses, and for damages to the Sullivan automobile. The complaint alleged particular acts of negligence on the part of defendant Dunn which were claimed to have been the proximate cause of the accident. This was denied by the defendants, who al-

[1] Reported in 280 P. (2d) 668.

leged that the proximate cause of the accident was the contributory negligence of the deceased.

The testimony showed that, on the afternoon in question, three automobiles, each about one hundred fifty to two hundred feet apart, were traveling in an easterly direction at about forty-five miles per hour. The first of these cars was driven by a Mr. Zwickel; the second, a pickup truck, was driven by Mr. Dunn; and the third car was driven by a Mr. Nichols. At a point about twenty-two hundred feet from the scene of the accident Mr. Sullivan came from behind, went into the opposite lane, and attempted to pass both Nichols and Dunn. He succeeded in passing Nichols but, when opposite Dunn, because of an oncoming car, went back into his own lane, forcing Dunn off onto the shoulder. Dunn became angered and pulled up opposite Sullivan and drove at his right on the shoulder. This continued for about two thousand feet. Dunn then signalled Sullivan that he was going to go ahead of him to what he conceived to be his rightful position on the road and turned slightly to the left. Sullivan started to speed up, and Dunn turned back to the shoulder. At about that time, Sullivan swerved sharply to the left in the opposite lane and collided practically head-on with a car coming in the opposite lane, driven by a Mr. Venske, which resulted in Mr. Sullivan's death. That evening, Dunn told the prosecutor that his truck came in contact with the Sullivan car. Later, he was charged with negligent homicide and pleaded guilty to the charge. At the trial of this case, a state patrolman testified that his examination of both the Dunn truck and the Sullivan car showed no evidence of contact. The jury found for the defendants, and this appeal follows.

Appellant contends that the court erred in admitting in evidence the testimony of the witness Ruth Lougheed; in giving instruction No. 13; in refusing to give proposed instruction No. 3; in denying motion for a new trial; and in entering judgment on the verdict.

Ruth Lougheed, called as a witness for the defendants, testified that when she was going in the opposite direction

she saw the Sullivan car coming toward her on her side of the road; that she got off on the shoulder in order to avoid being hit; that there was no opening for him to go in; that the yellow pickup went onto the shoulder and that Sullivan went into its place.

■ Appellant contends that this transaction was too remote from the scene of the accident (twenty-two hundred feet) to be of any assistance to the jury in determining whether or not Sullivan was guilty of contributory negligence; that a collateral issue was injected into the case and was extremely prejudicial. Be that as it may, the same incident was opened up by the appellant with the testimony of Mr. and Mrs. Nichols and Mr. Brent, a passenger in the Zwickel car. At most, it was cumulative, and respondents, under the circumstances, were entitled to present their version of the incident. Furthermore, the question for the jury to decide was whether or not Sullivan's negligence in attempting to pass the two cars on that occasion continued up to the point of the accident.

The court gave instruction No. 13:

"Even though you should believe from the evidence in this case that Edward R. Sullivan had been guilty of any careless, negligent or unlawful act as he proceeded along the highway in question prior to the time the defendant, Russell Dunn, attempted to pass the car which deceased was driving on the right-hand side, if he did attempt to so pass, that would be no defense to the defendants in this action provided you further find by a fair preponderance of the evidence that his negligence, if any, had ceased and that thereafter defendant Russell Dunn did drive his said truck on the right-hand side of said highway and on the shoulder thereof in attempting to pass the car which deceased was driving and as a result thereof the truck of the defendant Russell Dunn, came in contact with the car driven by deceased or in such close proximity thereto as to put the deceased in a situation of peril and as a proximate result thereof the car so driven by deceased became unmanageable and collided with the car driven in the opposite direction with the result that deceased lost his life, then defendants would be liable in damages to plaintiff.

"If, however, you find by a fair preponderance of the evidence that Edward R. Sullivan was negligent prior to the

time Dunn attempted to pass his car on the right-hand side and that such negligence, if any, continued up to the time of the collision with the Venske car and that such negligence, if any, materially contributed to the collision, then Edward R. Sullivan was guilty of contributory negligence and your verdict will be for Russell F. Dunn and wife in the action brought by Frances G. Sullivan."

Appellant excepted to the last paragraph of the instruction. She contends that that one prior act of negligence of the deceased ended when he got back in his right lane, and that there was no evidence of any further negligence on his part. The occupants of the Zwickel and Nichols cars testified as to the conduct of both Sullivan and Dunn when they were maneuvering for position from the time when Sullivan first crowded Dunn onto the shoulder up to the time of the accident. Both Dunn and Venske testified that, during this time, Sullivan pulled out toward the other lane and then pulled back in, before he finally swerved out and hit the Venske car. This was more than a mere scintilla of evidence. It was direct and positive evidence and, if believed by the jury (which it evidently was), was sufficient to warrant a finding that his negligence continued and was the proximate cause of the accident.

Appellant's proposed instruction No. 3 was as follows:

"You are instructed that the court has ruled as a matter of law, that any negligence on the part of the deceased, Edward R. Sullivan, that may have occurred when the deceased, Edward R. Sullivan, passed the Dunn truck, was not a proximate cause of the collision between the Sullivan and Venske cars, and shall not be considered by you in determining whether or not the deceased, Edward R. Sullivan, was guilty of negligence or contributory negligence in this case."

By giving this instruction, the court would have found, as a matter of law, that Sullivan's negligence had ceased at about twenty-two hundred feet from the scene of the accident and was not a proximate cause of the collision. As we have heretofore pointed out, there was a sufficient conflict of testimony as to Sullivan's continuing negligence

to make this an issue of fact for the jury, and it would have been error to have submitted the proposed instruction.

In ruling on the motion for new trial, the court stated that it was convinced of Mr. Dunn's negligence, but felt that there was sufficient evidence to submit to the jury the question whether or not Mr. Sullivan had embarked upon a manner of driving which would indicate that he was proceeding in a reckless manner without too much consideration for the rights and safety of other users of the highway. The court mentioned the manner of his looking for an opening and attempting to pass, and that finally his car did go into the wrong lane.

The court was impartial throughout the trial. The instructions, although somewhat favorable to appellant, were fair and correctly stated the law.

The judgment is affirmed.

HILL, DONWORTH, and WEAVER, JJ., concur.

----

April 25, 1955. Petition for rehearing denied.