**Joe Edward BOYD, Plaintiff in Error,**

v.

**MIDLAND COOPERATIVES, INC., a corporation, and Perry Robert Shaffer, Defendants in Error.**

**No. 38893.**

Supreme Court of Oklahoma.

Aug. 1, 1961.

Dissenting Opinion Sept. 13, 1961.

Collins & Moore, Sapulpa, Jack B. Sellers, Drumright, for plaintiff in error.

Covington and Gibbon, Tulsa, Fitzgerald & Houston, Stillwater, for defendants in error.

JOHNSON, Justice.

Plaintiff in error, Joe Edward Boyd, filed this action in the District Court of Payne County, Oklahoma, against the defendants, Midland Cooperatives, Inc., and Perry Robert Shaffer, defendants in error, to recover for personal injuries received in an automobile collision. The parties will hereafter be referred to as they appeared in the trial court.

The plaintiff in his petition alleged that on or about November 21, 1958, he was traveling west on Highway 33 when the truck of the defendant, being operated at an excessive rate of speed, traveling east and on the wrong side of the highway, negligently collided with the plaintiff's

automobile causing the damages of which he complains.

The defendants in answer to the contentions of the plaintiff denied the allegations of neglect and asserted that the accident was due solely to plaintiff's neglect in driving his automobile on the wrong side of the highway. A jury trial resulted in a verdict for the defendants. Motion for new trial was overruled, from which plaintiff appeals.

The evidence in this case disclosed that the collision occurred about 12:40 p. m. on the 21st day of November, 1958, on the east end of a short bridge span on Highway 33 east of the Perkins "Y" in Payne County, Oklahoma. The plaintiff was driving his red and white Chevrolet sedan west on said Highway 33, while defendant's truck was traveling east on said highway when the collision occurred.

Two grounds for reversal are urged. The first is that incompetent and prejudicial evidence was admitted over plaintiff's objection in behalf of the defendants. This evidence consisted of the testimony of two witnesses. The first of these witnesses was one Earl Cargill who was a truck driver for the defendant Midland Cooperatives, Inc. He stated that on the day of the accident he was driving a truck east on Highway 33 when he met a 1955 Chevrolet sedan at a point about one and one-half or three-quarter miles from the point of the accident; that the occupants of the car were colored, and the automobile was a red and white one; that he saw this car about 12:35 p. m. The car involved in the collision was a Chevrolet, 1955 model, painted red and white, occupied by colored people and traveling west on Highway 33.

The witness Cargill was then permitted to testify over plaintiff's objection as follows:

"Q. Now, as you met that vehicle at this distance, where was he traveling when you met him? A. It was from a foot to eighteen inches across the center line.

"Q. What did you do when you met him? A. I pulled off on the shoulder of the road."

The second witness was one James Skinner, who was also employed by the defendant corporation. He testified that he was traveling east on Highway 33 when he met a red and white 1955 model Chevrolet occupied by colored boys; that this was about two miles from the place of the collision.

He testified as follows:

"A. Well, it was straight sir, I was going up grade and there was no passing line on there, and I met that car and he was coming hugging one yellow line, there is two yellow lines there and he was on one of them yellow lines and I thought he was going to come on and I pulled off.

"Q. Who was in this car?' A. Well all I could tell was just *color* boys, that is all I could tell.

"Q. Did you meet any other Chevrolet automobiles at that point? A. Not at that point.

"Q. Did you meet any others along that area, I mean '55 red and white Chevrolet? A. No, sir.

"Q. Now, what did you do as you met him? A. I pulled off my right front wheel and my right fender of the truck on to the shoulder.

"Q. Was that necessary to avoid a collision? A. Yes, sir, that was necessary.

"Q. Now, about what time of day was this? A. That was about 12:40 or 12:45, something like that."

It is urged in connection with the testimony of these two witnesses that: 1. There was no proper identification of the vehicle as that driven by plaintiff; 2. That the testimony was too remote in time and place to have any probative value.

As stated above, the witnesses were able to testify that the car which they saw was a 1955 Chevrolet, painted red and

white, occupied by colored people, traveling west on Highway 33, on the date and at the approximate time, and no other automobile of this description was encountered. We hold this to be sufficient description to submit the identification of the car to the jury, if there were any dispute about the identity.

As to the probative value of this testimony, we are convinced that had the observation of this car been at a lesser distance from the scene of the accident, no objection could be seriously urged against its admissibility. Sullivan v. Dunn, 46 Wash.2d 255, 280 P.2d 668.

■ We are of the opinion that the admission of evidence concerning the side of the road upon which a car was running prior to an accident is analogous to evidence of the speed of a vehicle prior to an accident. The question of its probative value and its admissibility is largely in the discretion of the trial court. As was said in Schwarting v. Orgram, 123 Neb. 76, 242 N.W. 273, 276, 81 A.L.R. 769:

"This question of the admissibility of the speed of a vehicle shortly prior to the time of the accident rests largely in the discretion of the court."

There was ample evidence of conditions at the time and place of the accident.

The witness Shaffer testified:

"Q. Now, Mr. Shaffer, what did this driver do, you say when you first saw how he was completely over, about where was he, where was his automobile with reference to the center line? A. You mean how much was he over?

"Q. Yes, sir. A. I judge he was 6 to 8 inches over the line.

"Q. Is that the center line? A. Over the center line."

The above testimony referred to the time of collision and was ample to submit the issue to the jury.

In the case of Miller v. Jenness, 84 Kan. 608, 114 P. 1052, 34 L.R.A.,N.S., 782, it was held that the admission of testimony as to the speed of an automobile a half-mile from the scene of an accident on a highway in the country could not be prejudicial where there were other indications of its excessive speed immediately before and at the time of the collision. To the same effect is the Missouri case of Reed v. Coleman, Mo.App., 167 S.W.2d 125.

This court has said:

"The admission of allegedly inadmissible evidence of certain facts in issue will be considered harmless on appeal when the judgment appealed from is supported by sufficient competent evidence." Parish et al. v. Ned, Okl., 264 P.2d 762, 763.

■ The next complaint is concerning the remarks of counsel in his opening statement to the jury and the subsequent evidence to sustain such statement.

The statement of counsel to the jury was as follows:

"Mr. Shaffer went on for some, something like a 100 feet and stopped, but at that point the shoulder is quite steep, so he pulled on about another 100 yards, where he had adequate shoulder to stop and come back. The first thing he said was that 'you boys were over the center weren't you' and one of the second boys whom he will identify said 'Yes sir I told him so, I told him something was going to happen.' "

Thereafter, the witness Shaffer testified as follows:

"Q. Then what did you do, what did you do with your truck? A. Well, I asked, I went around there to see what was wrong and I said you boys were kind of riding over the line weren't you?

"Q. Then what happened? A. And one of them said—

"Mr. Sellers: Just a minute. We object to that your Honor, incompe-

tent, irrelevant and immaterial what one of them might have said.

"Court: Overruled.

"Q. Did this occur right after the accident? A. Yes.

"Mr. Sellers: Just a minute. Do you know who it was? A. No, I didn't know his name.

"Q. Do you know where the plaintiff, Joe Boyd, was at that time? A. He was standing on the, I believe it was the northeast side of his car.

"Q. Away from where you all were talking? A. Yes, sir.

"Mr. Sellers: I object to it your honor, incompetent, irrelevant and immaterial.

"Court: Overruled.

"Q. (Mr. Covington) Where was this man seated? A. They was all out of the car.

"Q. All standing around the car there? A. Yes.

"Q. Did you know any of their names? A. Just Joe Boyd. I didn't know him until that time; I ask them who was driving and they said Joe Boyd.

"Q. Now, I still repeat the question now as to what was said there.

"Mr. Sellers: If your Honor please, we object to that. The Court has ruled on that and ask that you admonish counsel to abandon the attempt, attempt to prejudice the jury.

"Court: Well, he has already asked him and he has already made an answer, I have let that go in. Now I think that is enough.

"Mr. Covington: Well, of course he hasn't said what was said, but in view of their objection, the fact that he can't say which one made the remark, I withdraw it."

Apparently from the above portion of the record, the witness never did state what the bystander said.

In view of the admonition of the court to the jury in the following language:

"Well, counsel has a right to make a statement of what he intends to prove and the jury is instructed that it doesn't constitute any proof in this case, and if it isn't backed up you just disregard it all together. All right, go ahead."

we hold that the statement did not constitute error. The record failing to show that the witness Shaffer ever answered the question asked, we need not pass upon the admissibility of his answer.

Judgment affirmed.

WILLIAMS, C. J., and DAVISON, IRWIN and BERRY, JJ., concur.

BLACKBIRD, V. C. J., and WELCH and JACKSON, JJ., concur in result.

HALLEY, J., dissents.

HALLEY, Justice (dissenting).

I think it was error in this case to permit the two witnesses to testify as to a Chevrolet car's position on the pavement a mile and a half to two miles back from where the accident occurred. To me such evidence is no proof as to how the car was being driven at the time of the accident. It is not fair to drivers who are careful but have gotten slightly over the center of the highway at a point far removed from the accident. The Supreme Court of Arizona in Morris et al. v. Aero Mayflower Transit Co. et al., 73 Ariz. 390, 242 P.2d 279, approved excluding evidence of the speed of a truck four or five blocks away from the place of collision. A similar holding was made in Rzeszewski et al. v. Barth, 324 Ill.App. 345, 58 N.E.2d 269.

In Cornett v. Commonwealth, 282 Ky. 322, 138 S.W.2d 492, 494, the Supreme Court of Kentucky said:

" * * * The manner in which defendant was driving two and a half

miles before he reached the place of the fatal accident, or the manner in which he was driving a short distance thereafter, could have no relevancy as to the manner in which he was driving at the point when the accident occurred. Stevens v. Potter, 209 Ky. 705, 273 S.W. 470; Elkins v. Com., 244 Ky. 583, 51 S.W.2d 916. It is common knowledge that one may greatly change the course of his automobile on the highway and materially change his speed within a very few seconds and within a very short distance. * * *"

I dissent.