**Vernon HODGE, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Feb. 17, 1956.

Burlyn Pike, Shepherdsville, for appellant.

J. D. Buckman, Jr., Atty. Gen., Zeb A. Stewart, Asst. Atty. Gen., for appellee.

WADDILL, Commissioner.

The appellant, Vernon Hodge, was indicted for the offense of voluntary manslaughter arising out of an automobile accident which occurred on May 24, 1952. Upon trial, a jury convicted him of involuntary manslaughter and fixed his punishment at six months in jail and a fine of $2,-000. He has filed motion for appeal from the judgment entered on the verdict, and assigns as grounds for reversal that the court erred: (1) In overruling his motion for a directed verdict of acquittal; and (2) in admitting incompetent evidence against him.

The accident in question occurred on a straightway portion of public highway No. 61, at approximately 3:00 P.M., when the automobile operated by the appellant collided head-on with the car driven by Emogene Sadler. As a result thereof, Miss Sadler was killed; her two companions were injured; and a passenger in appellant's car was fatally injured.

The Commonwealth undertook to prove by its evidence that prior to and at the time of the collision, appellant was driving on the wrong side of the road at a speed of from 70 to 80 miles an hour, and that the collision and consequent death of Miss Sadler were due to appellant's gross and

reckless carelessness in operating his automobile. On the other side of the case, appellant claims that while he was driving on his right side of the road at a rate of speed not exceeding 50 miles an hour, the car operated by Miss Sadler approached him on the wrong side of the road and the two cars crashed head-on before either party could avert the collision. He admits that he was following a car operated by his brother, but denies that he was attempting to pass his brother's car at the time the accident happened as was testified to by a witness for the prosecution. There was also an issue as to whether or not the appellant had consumed some beer prior to the accident. Both parties produced witnesses whose testimony tended to corroborate the contention of the party for whom they were testifying.

■ We may summarily dispose of ground No. 1, urged by the appellant, by stating it has no basis, for if the jury believed the evidence introduced in behalf of the Commonwealth, the appellant was guilty of the offense for which he was tried and convicted. We now consider the contentions asserted in support of ground No. 2.

■ He asserts by this ground that the court erred in admitting incompetent evidence against him. This consists of three items: First, the evidence of state trooper, Norman Locke, a witness for the prosecution, who, over appellant's objections, was permitted to read to the jury the entire contents of his official report of the accident. This report contained a comprehensive diagram based upon the trooper's conclusion as to the manner in which the accident had occurred; a detailed statement of the facts concerning how the collision occurred as related by Miss Eva Mae Jaggers, a passenger in Miss Sadler's car; and other voluminous data which is ordinarily contained in an official report of this character. The opinions and conclusions contained in this report were pure hearsay and were inadmissible under our exclusion rule. See Roberson's Criminal Law, Section 1790, Page 1892; 20 Am.Jur., Evidence, Sections 452, 1027.

The Commonwealth insists that the entire contents of the trooper's report were admissible because counsel for the appellant had asked trooper Locke on cross-examination to look at his official report of the accident and say whether or not he had stated therein that he had found some beer cartons in appellant's automobile. This question was asked of the trooper for the purpose of testing the accuracy of his statement given on direct examination that he had found some beer cartons in appellant's car. The trooper answered that his official report did not show anything about it.

■ Ordinarily, the rule is that after one party puts in evidence a part of a statement (or document), the other party is entitled on cross-examination, or on redirect examination, to bring out all that was shown by the statement concerning the particular subject under inquiry. But this does not mean the flood gates are lowered to permit the entire irrelevant contents of the statement to be admitted in evidence, but only so much as concerns the specific matter opened up by the opposing party. See White v. Commonwealth, 292 Ky. 416, 166 S.W.2d 873; Wigmore on Evidence, Section 2113. Certainly in this case the admission in evidence of the irrelevant hearsay testimony contained in the trooper's report constituted prejudicial error.

■ The second item complained of relates to certain testimony given by the witness, Charles Scamahorn, which was to the effect that an unidentified automobile, traveling toward the place where the accident subsequently occurred, had passed him at a speed estimated at 60–70 miles an hour. The question as to the competency of this particular evidence is not reviewable on this appeal because no objection appears to have been made to it. However, in the event of retrial of the case, the court should not admit this evidence unless there is further testimony identifying the car that Scamahorn saw as being the automobile operated by the appellant. The court should also follow our rule of evidence which confines the testimony relating to the speed the accused was driving to the

immediate scene of the accident. See, Fairchild v. Commonwealth, Ky., 267 S.W.2d 528, and, Cornett v. Commonwealth, 282 Ky. 322, 138 S.W.2d 492.

■ The third item complained of was the testimony of several witnesses that appellant had been drinking prior to the accident. The court properly admitted this testimony as it tended to show a pattern of drinking on the day of the accident, extending from 10:00 A.M. to shortly before the accident occurred.

The motion for appeal is sustained. The judgment is reversed, with directions to grant appellant a new trial, and for proceedings consistent with this opinion.