**Mark Wayne TARRANCE, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

**Tommy REYNOLDS, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

April 11, 1975.

Anthony M. Wilhoit, Public Defender, David E. Murrell, Deputy Public Defender, Frankfort, William E. Rueff, Jr., Public Defender, Morgantown, J. Vincent Aprile, II, Asst. Public Defender, Frankfort, for appellants.

Ed W. Hancock, Atty. Gen., James M. Ringo, Asst. Atty. Gen., Frankfort, for appellee.

GARDNER, Commissioner.

Mark Wayne Tarrance, appellant, and Tommy Reynolds, appellant, were convicted of rape and sentenced to life imprisonment without benefit of parole.

Paula Parsley and her boy friend, Larry Halliburton, were hitchhiking from Paula's parents' home to Louisville when appellants picked them up. Paula and Larry got in the front seat with Reynolds, the driver, while Tarrance moved to the back seat. After several hours, according to Paula, appellants wielded knives in a threatening manner, directed Larry to move to the rear seat, and forced Paula to give both appellants oral sexual gratification. The car then was driven to an isolated place where both appellants raped Paula, and later Paula was forced to commit an oral sex act with one of the appellants. Later Paula and Larry were let out of the car near Bowling Green.

According to appellants, they had intercourse with Paula and Paula participated in oral sexual acts, but they insist all was done with the consent and approval of Paula.

On cross-examination Tarrance's attorney asked Detective Ron Howard if his investigation report contained statements as to whether Paula had bruises or cuts on her body when Howard saw her. Later, upon motion of the Commonwealth's attorney and over the objection of Tarrance, the report was ordered filed and read in full to the jury. The court ruled that the evidence was admissible because Tarrance had "* * * opened it up." Portions of the report were as follows:

> "Mark Wayne Tarrance was released from the Federal Penitentiary in Atlanta, Georgia, 12–22–72."

*   *   *   *   *   *

"Both were arrested and in the glove compartment directly in front of Mark Wayne Tarrance was a 38 caliber Smith and Wesson Special, serial 43K8430. A check with NCIC showed that a gun with the same serial number had been reported stolen by the Indiana State Police, Seymour, Indiana, 10-7-71."

*   *   *   *   *   *

"Writer in the future will attempt to obtain an indictment on both subjects for the stolen gun if the Edmonson County Grand Jury will do so. Both men were taken to the Warren County Court where they were arraigned before the County Judge. They were ordered held without bond pending action of the February Butler County Grand Jury and were ordered returned to Bowling Green and lodged in the Warren County Jail for safe keeping."

■ It is well settled that where a party puts in evidence part of a written statement, the other party may introduce only such of the remainder as is concerned with the particular subject under inquiry. Hodge v. Commonwealth, Ky., 287 S.W.2d 426 (1956). See also White v. Commonwealth, 292 Ky. 416, 166 S.W.2d 873 (1942). Appellants' reference to the cuts and bruises certainly did not "open up" the other subjects contained in the report. The quoted excerpts are elucidation enough of the extreme prejudice created by the reading of the report to the jury.

■ On voir dire prospective jurors were apprised of the fact that Paula and Larry were living together and the Commonwealth's attorney asked them the following question, or ones similar to it: "You think the fact that she was living, unmarried, with her boy friend, would affect you in reaching a verdict, or influence you in reaching a verdict, as against these defendants on this charge of rape?" When some of the jurors answered that it would, they were excused for cause. Appellants objected, saying that their defense was based on consent of the prosecutrix, and that when the jurors who said they would be affected by evidence of the prosecutrix's living with her boy friend were excused for cause, the panel was composed of jurors who would not consider a very important part of the evidence favorable to the defense. We find no fault with the questions themselves since they could provide a means by which the Commonwealth could learn of the attitude of the jurors toward Paula's living with her boy friend, and it could decide if it desired to excuse them by way of peremptory challenges, but we believe it was error to excuse them for cause. The court should have told the jurors that it was their duty to consider all the evidence submitted to them in determining whether the defendants were guilty of the crime of rape, and that included the evidence of Paula's living with her boy friend.

Some of the other contentions of appellants are perhaps also meritorious but since the alleged errors are unlikely to occur at another trial we decline to discuss them.

The judgment is reversed.

REED, C. J., and LUKOWSKY, JONES, CLAYTON, PALMORE and STERNBERG, JJ., concur.

STEPHENSON, J., concurs in result only.